UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CITADEL SECURITIES LLC,

    *Petitioner*,

v.

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    *Respondent.*

No. 24-_____

PETITION FOR REVIEW

      Pursuant to 5 U.S.C. §§ 702–704, 5 U.S.C. § 706, 15 U.S.C. § 78y(a), and Federal Rule of Appellate Procedure 15(a), Citadel Securities LLC hereby petitions this Court for review of the following order of the U.S. Securities and Exchange Commission: *Order Granting a Temporary Conditional Exemption Pursuant to Section 36(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 608(e) of Regulation NMS Under the Exchange Act, Relating to the Reporting of Responses to Requests for Quotes and Other Solicitation Responses Provided in a Standard Electronic Format, as Required by Section 6.4(d) of the National Market System Plan Governing the Consolidated Audit Trail*, Release No. 34-100181; entered on May 20, 2024. 89 Fed. Reg. 45715 (May 23, 2024). A copy of the order is attached as Exhibit A.

1

This petition is timely filed "within sixty days after the entry of the order." 15 U.S.C. § 78y(a)(1). The petition also is filed in the proper forum, since "the principal place of business" of Citadel Securities LLC is in the State of Florida, which is within this Circuit. *Id.*

The Certificate of Interested Persons and Corporate Disclosure Statement required by Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-1 are attached as Exhibit B.

Dated: July 17, 2024                                Respectfully submitted,

*/s/ Noel J. Francisco*
Noel J. Francisco
Yaakov M. Roth
Brian C. Rabbitt
Brinton Lucas
Joshua T. Hoyt
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
(202) 879-3939
njfrancisco@jonesday.com

*Counsel for Petitioner*

2

## CERTIFICATE OF ELECTRONIC SUBMISSION

I certify that: (1) any required privacy redactions have been made; (2) the electronic submission of this document is an exact copy of any corresponding paper document; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free from viruses.

Dated: July 17, 2024               Respectfully submitted,

                                   */s/ Noel J. Francisco*
                                   Noel J. Francisco

                                   *Counsel of Record for Petitioner*

## CERTIFICATE OF SERVICE

I certify that on July 17, 2024, the foregoing petition for review was electronically filed with the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system and one copy was sent to the Clerk of Court by overnight United Parcel Service.

I further certify that there are no parties "admitted to participate in the agency proceedings" for purposes of Federal Rule of Appellate Procedure 15(c)(1) other than the respondent.

Dated: July 17, 2024               Respectfully submitted,

                                   */s/ Noel J. Francisco*
                                   Noel J. Francisco

                                   *Counsel of Record for Petitioner*

# Exhibit A

public in accordance with the provisions of 5 U.S.C. 552, will be available for website viewing and printing in the Commission's Public Reference Room, 100 F Street NE, Washington, DC 20549, on official business days between the hours of 10 a.m. and 3 p.m. Copies of the filing also will be available for inspection and copying at the principal office of the Exchange. Do not include personal identifiable information in submissions; you should submit only information that you wish to make available publicly. We may redact in part or withhold entirely from publication submitted material that is obscene or subject to copyright protection. All submissions should refer to file number SR–NYSE–2024–28 and should be submitted on or before June 13, 2024.

For the Commission, by the Division of Trading and Markets, pursuant to delegated authority.[18]

**Sherry R. Haywood,**
*Assistant Secretary.*

[FR Doc. 2024–11269 Filed 5–22–24; 8:45 am]
**BILLING CODE 8011–01–P**

---

## SECURITIES AND EXCHANGE COMMISSION

[Investment Company Act Release No. 35197; File No. 812–15520]

### TCW Direct Lending LLC, et al.

May 20, 2024.
**AGENCY:** Securities and Exchange Commission ("Commission" or "SEC").
**ACTION:** Notice.

Notice of an application for an order ("Order") under sections 17(d) and 57(i) of the Investment Company Act of 1940 (the "Act") and rule 17d–1 under the Act to permit certain joint transactions otherwise prohibited by sections 17(d) and 57(a)(4) and Rule 17d–1 under the Act.
**SUMMARY OF APPLICATION:** Applicants request an order to amend a previous order granted by the Commission that permits certain business development companies ("BDCs") and closed-end management investment companies to co-invest in portfolio companies with each other and with certain affiliated investment entities.
**APPLICANTS:** TCW Direct Lending LLC, TCW Direct Lending VII LLC, TCW Direct Lending VIII LLC, TCW Star Direct Lending LLC, TCW Direct Lending Private Fund VIII LP, TCW Direct Lending Strategic Ventures LLC, TCW Brazos Fund LLC, NJ/TCW Direct Lending LLC, West Virginia Direct Lending LLC, TCW Skyline Lending, L.P., TCW Direct Lending Structured Solutions 2019 LLC, TCW Direct Lending Structure Solutions 2022 LLC, and TCW Asset Management Company LLC.

**FILING DATES:** The application was filed on November 9, 2023.
**HEARING OR NOTIFICATION OF HEARING:** An order granting the requested relief will be issued unless the Commission orders a hearing. Interested persons may request a hearing on any application by emailing the SEC's Secretary at *Secretarys-Office@sec.gov* and serving the Applicants with a copy of the request by email, if an email address is listed for the relevant Applicant below, or personally or by mail, if a physical address is listed for the relevant Applicant below. Hearing requests should be received by the Commission by 5:30 p.m. on June 14, 2024, and should be accompanied by proof of service on Applicants, in the form of an affidavit or, for lawyers, a certificate of service. Pursuant to rule 0–5 under the Act, hearing requests should state the nature of the writer's interest, any facts bearing upon the desirability of a hearing on the matter, the reason for the request, and the issues contested. Persons who wish to be notified of a hearing may request notification by emailing the Commission's Secretary at *Secretarys-Office@sec.gov.*

**ADDRESSES:** The Commission: *Secretarys-Office@sec.gov.* Applicants: Applicants: Kevin Finch, Senior Vice President, *Kevin.Finch@tcw.com.*

**FOR FURTHER INFORMATION CONTACT:** Chris Chase, Senior Counsel, or Terri Jordan, Branch Chief, at (202) 551–6825 (Division of Investment Management, Chief Counsel's Office).

**SUPPLEMENTARY INFORMATION:** For Applicants' representations, legal analysis, and conditions, please refer to Applicants' application, dated November 9, 2023, which may be obtained via the Commission's website by searching for the file number at the top of this document, or for an Applicant using the Company name search field, on the SEC's EDGAR system. The SEC's EDGAR system may be searched at *http://www.sec.gov/edgar/searchedgar/legacy/companysearch.html.* You may also call the SEC's Public Reference Room at (202) 551–8090.

For the Commission, by the Division of Investment Management, under delegated authority.

**Sherry R. Haywood,**
*Assistant Secretary.*

[FR Doc. 2024–11352 Filed 5–22–24; 8:45 am]
**BILLING CODE 8011–01–P**

---

## SECURITIES AND EXCHANGE COMMISSION

[Release No. 34–100181]

### Order Granting a Temporary Conditional Exemption Pursuant to Section 36(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 608(e) of Regulation NMS Under the Exchange Act, Relating to the Reporting of Responses to Requests for Quotes and Other Solicitation Responses Provided in a Standard Electronic Format, as Required by Section 6.4(d) of the National Market System Plan Governing the Consolidated Audit Trail

May 20, 2024.

**I. Introduction**

By letter dated February 13, 2024,[1] BOX Exchange LLC; Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.; Financial Industry Regulatory Authority, Inc.; Investors Exchange LLC; Long-Term Stock Exchange, Inc.; MEMX LLC; Miami International Securities Exchange LLC, MIAX Emerald, LLC, and MIAX PEARL, LLC; NASDAQ BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, NASDAQ PHLX LLC, and The NASDAQ Stock Market LLC; and New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE Chicago, Inc., and NYSE National, Inc. (collectively, the "Participants" or "SROs") requested that the Securities and Exchange Commission ("Commission") grant temporary exemptive relief to the Participants from the National Market System Plan Governing the Consolidated Audit Trail ("CAT NMS Plan"),[2] pursuant to its authority under Section 36(a)(1) of the Exchange Act [3]

---

[18] 17 CFR 200.30–3(a)(12).

[1] See letter from the Participants to Vanessa Countryman, Secretary, Commission, dated Feb. 13, 2024 (the "Exemption Request"). Unless otherwise noted, capitalized terms are used as defined in the CAT NMS Plan.

[2] The CAT NMS Plan was approved by the Commission, as modified, on Nov. 15, 2016. *See* Securities Exchange Act Release No. 79318 (Nov. 15, 2016), 81 FR 84696 (Nov. 23, 2016) ("CAT NMS Plan Approval Order").

[3] 15 U.S.C. 78mm(a)(1).

and Rule 608(e) of Regulation NMS under the Exchange Act, from certain reporting requirements in Section 6.4(d) of the CAT NMS Plan relating to the reporting of bids and/or offers made in response to a request for quote ("RFQ") or other form of solicitation response provided in standard electronic format (*e.g.,* FIX) that is not "immediately actionable" (*i.e.,* further action is required by the responder providing the quote in order to execute or cause a trade to be executed) ("NIA Electronic RFQ Responses").[4]

Section 36(a)(1) of the Exchange Act grants the Commission the authority, with certain limitations, to "conditionally or unconditionally exempt any person, security, or transaction . . . from any provision or provisions of [the Exchange Act] or of any rule or regulation thereunder, to the extent that such exemption is necessary or appropriate in the public interest, and is consistent with the protection of investors."[5] Under Rule 608(e) of Regulation NMS, the Commission may "exempt from [Rule 608], either unconditionally or on specified terms and conditions, any self-regulatory organization, member thereof, or specified security, if the Commission determines that such exemption is consistent with the public interest, the protection of investors, the maintenance of fair and orderly markets and the removal of impediments to, and perfection of the mechanism of, a national market system."[6]

For the reasons set forth below, the Commission is granting temporary conditional exemptive relief relating to the reporting of NIA Electronic RFQ Reponses until July 31, 2026, subject to certain conditions, as discussed further below.

## II. Background and Request for Relief

In the Exemption Request, the Participants request that the Commission temporarily exempt Participants from the requirement in Section 6.4(d) of the CAT NMS Plan for each Participant, through its Compliance Rule, to require its Industry Members to record and electronically report to the Central Repository NIA Electronic RFQ Responses until July 31, 2026. In support of their request, the Participants state that the deadline would align the expiration of exemptive relief with the expiration date of exemptive relief previously granted for certain floor and unstructured electronic upstairs activity (the "Verbal and Manual Quotes Exemptive Relief").[7] In addition, the Participants state that this date would provide the Participants and the Plan Processor the time to develop and implement any necessary reporting guidance, specifications, and technical changes to the CAT and also provide CAT Reporters the time to fully consider and implement the necessary technological and process changes required to report and capture NIA Electronic RFQ Responses.[8]

The Participants represent that the NIA Electronic RFQ Responses that are subject to the Exemption Request: (1) are those that satisfy the definition of an "order" as defined in Rule 613(j)(8) and the CAT NMS Plan; (2) do not include RFQ responses that were required to be reported commencing in Phase 2c and Phase 2d;[9] and (3) do not include activity that is subject to the Commission's Verbal and Manual Quotes Exemptive Relief.[10]

## III. Discussion of Participants' Exemption Request

The Commission has carefully considered the Exemption Request. The Commission has determined that granting temporary conditional exemptive relief, pursuant to Section 36(a)(1) of the Exchange Act, is appropriate in the public interest and is consistent with the protection of investors, and that pursuant to Rule 608(e), this exemption is consistent with the public interest, the protection of investors, the maintenance of fair and orderly markets and the removal of impediments to, and the perfection of the mechanisms of a national market system.

The Commission is granting temporary exemptive relief to provide additional time to the Plan Processor, Participants, and Industry Members to update and implement applicable reporting frameworks, compliance guidance, FAQs, and any specifications for the reporting of NIA Electronic RFQ Responses. This additional time would also provide CAT Reporters time to fully consider and implement any technological and process changes required to capture and report NIA Electronic RFQ Responses, while minimizing potential business disruptions and impacts to existing workflows.

Based on the foregoing, pursuant to Section 36(a)(1) of the Exchange Act, it is appropriate in the public interest and is consistent with the protection of investors, and pursuant to Rule 608(e), it is consistent with the public interest, the protection of investors, the maintenance of fair and orderly markets and the removal of impediments to, and the perfection of the mechanisms of a national market system to grant temporary conditional exemptive relief until July 31, 2026 from the requirement in Section 6.4(d) of the CAT NMS Plan for the recording and reporting of NIA Electronic RFQ Responses.[11]

## IV. Conclusion

As discussed above, it is appropriate to grant temporary conditional exemptive relief that exempts each Participant from the requirement in Section 6.4(d) of the CAT NMS Plan for each Participant, through its Compliance Rule, to require its Industry Members to record and electronically report to the Central Repository NIA Electronic RFQ Responses.

As a condition to this relief, the Participants must provide the Commission a written implementation plan on the reporting of NIA Electronic RFQ Responses by July 31, 2025 in order to facilitate the timely completion of any necessary steps for the reporting of NIA Electronic RFQ Responses upon the expiration of the temporary exemptive relief on July 31, 2026. This

---

[4] For example, a trading system could offer functionality allowing a broker-dealer to send a firm bid and/or offer in response to an RFQ, but require the sender of the RFQ to subsequently send a follow-up message to the responder in order to consummate the trade.

[5] 15 U.S.C. 78mm(a)(1).

[6] 17 CFR 242.608(e).

[7] Exemption Request, at 3–4. In Nov. 2020, the Commission granted the Verbal and Manual Quotes Exemptive Relief, until July 31, 2023. *See* Securities Exchange Release No. 90405 (Nov. 12, 2020), 85 FR 73544 (Nov. 18, 2020). This conditional exemptive relief was later extended until July 31, 2026. *See* Securities Exchange Release No. 98023 (July 28, 2023), 88 FR 51369 (Aug. 3, 2023).

[8] Exemption Request, at 3–4. As noted by the Participants, firm indications of a willingness to buy or sell a security are "orders," "bids" or "offers" and have reportable events associated with them pursuant to the CAT NMS Plan. *Id.* at 3.

[9] Exemption Request, at 3–4. As explained by the Participants, in April 2020 the Commission granted conditional exemptive relief to allow for the implementation of phased Industry Member reporting to the CAT across five phases, and this exemptive relief did not specifically address NIA Electronic RFQ Responses. *Id.;* Securities Exchange Release No. 88702 (Apr. 20, 2020), 85 FR 23075 (Apr. 24, 2020) ("Phased Reporting Exemption"). Pursuant to the Phased Reporting Exemption, any bid or offer in response to a request for quote or other form of solicitation response provided in standard electronic format (*e.g.,* FIX) that required no further action by the responder providing the quote in order to execute or cause a trade to be executed was reportable in Phase 2c for equities and in Phase 2d for options. *See* Phased Reporting Exemption at 23079; *see also* Exemption Request, at 3–4.

[10] Exemption Request, at 4–5.

[11] To the extent that the Participants are availing themselves of exemptive relief from a CAT NMS Plan requirement, such requirement shall not be included in the requirements for the Financial Accountability Milestones, provided that any conditions of the exemption are satisfied. *See* CAT NMS Plan, *supra* note 1, at Section 1.1 ("Financial Accountability Milestone" definition).

implementation plan for the reporting of NIA Electronic RFQ Responses must: (1) identify workflows to facilitate the reporting of NIA Electronic RFQ Responses; and (2) provide or reference published technical specifications to allow for the reporting of NIA Electronic RFQ Responses by Industry Members. The purpose of these conditions is to help ensure that the Participants establish a framework necessary to permit the reporting of NIA Electronic RFQ Responses by Industry Members before the expiration of the temporary conditional exemptive relief, while providing Industry Members at least one year to implement any necessary technological and systems changes to report NIA Electronic RFQ Responses.

Accordingly, *it is hereby ordered,* pursuant to Section 36(a)(1) of the Exchange Act,[12] and Rule 608(e) of the Exchange Act [13] that the Participants are granted an exemption, until July 31, 2026, from the requirement in Section 6.4(d) of the CAT NMS Plan that requires each Participant, through its Compliance Rule, to require its Industry Members to record and electronically report to the Central Repository bids and/or offers made in response to a request for quote or other form of solicitation response provided in standard electronic format (*e.g.,* FIX) that is not ''immediately actionable'' (*i.e.,* further action is required by the responder providing the quote in order to execute or cause a trade to be executed), subject to the conditions described above.

By the Commission.

**Sherry R. Haywood,**

*Assistant Secretary.*

[FR Doc. 2024–11360 Filed 5–22–24; 8:45 am]

**BILLING CODE 8011–01–P**

---

[12] 15 U.S.C. 78mm(a)(1).
[13] 17 CFR 242.608(e).
[1] 15 U.S.C. 78s(b)(1).
[2] 17 CFR 240.19b–4.

---

## SECURITIES AND EXCHANGE COMMISSION

[Release No. 34–100169; File No. SR–LCH SA–2024–003]

### Self-Regulatory Organizations; LCH SA; Notice of Filing of Proposed Rule Change Relating to the Terms of Reference of the Board and Sub Committees

May 17, 2024.

Pursuant to section 19(b)(1) of the Securities Exchange Act of 1934 (''Act''),[1] and Rule 19b–4 thereunder,[2] notice is hereby given that on May 6, 2024, Banque Centrale de Compensation, which conducts business under the name LCH SA (''LCH SA''), filed with the Securities and Exchange Commission (''Commission'') the proposed rule change described in Items I, II and III below, which Items have been primarily prepared by LCH SA. The Commission is publishing this notice to solicit comments on the Proposed Rule Change from interested persons.

### I. Clearing Agency's Statement of the Terms of Substance of the Proposed Rule Change

LCH SA is proposing to amend certain of its governance documents, including the Terms of Reference (''ToR'') of: (a) the Technology, Security and Resilience Committee; (b) the Audit Committee; (c) the Risk Committee; and (d) the Board of Directors (''Board''). Minor conforming amendments will also be made to the ToR of the Nomination Committee of the Board (collectively, the ''Proposed Rule Change'').

### II. Clearing Agency's Statement of the Purpose of, and Statutory Basis for, the Proposed Rule Change

In its filing with the Commission, LCH SA included statements concerning the purpose of and basis for the Proposed Rule Change and discussed any comments it received on the Proposed Rule Change. The text of these statements may be examined at the places specified in Item IV below. LCH SA has prepared summaries, set forth in sections A, B, and C below, of the most significant aspects of such statements.

*A. Clearing Agency's Statement of the Purpose of, and Statutory Basis for, the Proposed Rule Change*

1. Purpose

The Proposed Rule Change is being adopted primarily in response to a request from its French regulatory authority, the Authorité de Contrôle Prudentiel et de Résolution (''ACPR''), that LCH SA: (a) more clearly define the role of the Technology, Security and Resilience Committee by focusing its areas of expertise on technical subjects related to information systems, technology and cyber security; (b) more clearly define the role of the Audit Committee in areas relating to operational and resilience risk management; and (c) strengthen the Risk Committee's supervision of certain information technology and resilience risk matters. The ToR of the Board is also being amended as part of the Proposed Rule Change, to remove the requirement to translate minutes into French prior to Board meetings and to clarify that the Board is responsible for approving the Wind-Down Plan (''WDP''). Other changes are being made to conform the ToRs with LCH Group terminology, including replacing the term ''Chairman'' throughout the ToR of the Technology, Security and Resilience Committee, the Audit Committee and the Risk Committee with the term ''Chair'', clarifying that ''Group'' means ''LCH Group'' in the ToR of the Technology Security and Resilience Committee (renamed Operational Resilience Committee, as discussed below) (article 5.1) and the Risk Committee (articles 1.1 and 2.5), and replacing the term ''Group'' with ''LCH'' in articles 14.1 and 16.4 of the Risk Committee ToR. LCH SA is also making a number of non-substantive clarifying changes to the various documents included as an Exhibit 5 to this filing. Importantly, there will be no change in the proportion of independent directors [3] or the number of directors representing members and participants.

i. The Technology, Security and Resilience Committee

The Technology, Security and Resilience Committee has been renamed the Operational Resilience Committee. In addition, Articles 15 and 20 of the ToR of the Board and Section 3.3.8 of the ToR of the Audit Committee have been amended to reflect this change in the name of the Operational Resilience Committee. This change has been made to better clarify the scope of the committee's responsibility. As noted above, the committee will focus its areas of expertise on technical subjects related to information systems, technology and cyber security.

To effect this change in focus, Section 1.2 of Article 1, Purpose, will be amended by replacing reference to ''technical, security, operational resilience and cyber risks'' with ''operational resilience'' to reflect that the committee shall determine whether management has put in place adequate strategies and plans, which include appropriate management of operational resilience. Section 1.1. will also be amended to state that the Committee shall represent the interests of the Board in the sound management of Operational Resilience to ensure that technology security, cyber security and operational resilience strategies, investments and outcomes support the

---

[3] The ToR of the LCH SA Board defines an independent director as a director who satisfies applicable Regulatory Requirements, *i.e.,* any regulation or requirement of applicable law or of any applicable regulatory body, regarding independent directors, and who is appointed in accordance with the Nomination Committee ToR.

# Exhibit B

*Citadel Securities LLC v. United States Securities and Exchange Commission*, No. 24-_____

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-1 through 26.1-3, Petitioner Citadel Securities LLC provides the following certificate of interested persons:

1. **Citadel Securities GP LLC**, parent company of Citadel Securities LLC.

2. **Citadel Securities LLC**, Petitioner.

3. **Francisco, Noel J.**, Jones Day, counsel for Petitioner Citadel Securities LLC.

4. **Hoyt, Joshua T.**, Jones Day, counsel for Petitioner Citadel Securities LLC.

5. **Jones Day**, counsel for Petitioner Citadel Securities LLC.

6. **Lucas, Brinton**, Jones Day, counsel for Petitioner Citadel Securities LLC.

7. **Rabbitt, Brian C.**, Jones Day, counsel for Petitioner Citadel Securities LLC.

8. **Roth, Yaakov M.**, Jones Day, counsel for Petitioner Citadel Securities LLC.

9. **United States Securities and Exchange Commission**, Respondent.

No publicly traded company or corporation has an interest in the outcome of the case. Petitioner will file an amended certificate of interested persons should it become aware of a change in interests that would affect the disclosures as required by Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-4.

Dated: July 17, 2024

Respectfully submitted,

*/s/ Noel J. Francisco*
Noel J. Francisco
Yaakov M. Roth
Brian C. Rabbitt
Brinton Lucas
Joshua T. Hoyt
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
(202) 879-3939
njfrancisco@jonesday.com

*Counsel for Petitioner*

*Citadel Securities LLC v. United States Securities and Exchange Commission*, No. 24-_____

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-2, the undersigned counsel hereby certify that Petitioner Citadel Securities LLC is a wholly owned, indirect subsidiary of Citadel Securities GP LLC. Counsel further certify that no publicly held corporation has a 10% or greater ownership interest in Citadel Securities GP LLC.

Dated: July 17, 2024

Respectfully submitted,

*/s/ Noel J. Francisco*
Noel J. Francisco
Yaakov M. Roth
Brian C. Rabbitt
Brinton Lucas
Joshua T. Hoyt
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
(202) 879-3939
njfrancisco@jonesday.com

*Counsel for Petitioner*