C.A. No. 24-12300

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

CITADEL SECURITIES LLC,

*Petitioner*,

v.

U.S. SECURITIES AND EXCHANGE COMMISSION,

*Respondent*.

On Petition for Review of an Action of the
United States Securities and Exchange Commission
SEC Release No. 34-100181

**CONSOLIDATED AUDIT TRAIL, LLC'S
UNOPPOSED MOTION FOR LEAVE TO INTERVENE**

Gregory M. Boyle
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 527-0484

Ian Heath Gershengorn
  *Counsel of Record*
Adam G. Unikowsky
Elizabeth B. Deutsch
Jonathan J. Marshall
JENNER & BLOCK LLP
1099 New York Avenue, NW,
  Suite 900
Washington, DC 20001
(202) 639-6000
igershengorn@jenner.com

*Citadel Securities LLC v. U.S. Securities and Exchange Commission*, No. 24-12300

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Undersigned counsel represents Proposed Intervenor Consolidated Audit Trail, LLC.  Pursuant to Eleventh Circuit Rule 26.1-1 through -3 and Federal Rule of Appellate Procedure 26.1, undersigned counsel hereby certifies that, to the best of his knowledge, the following persons and entities have an interest in this case:

1. Ballard Spahr LLP, *Counsel for Proposed Intervenors Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, Nasdaq PHLX LLC, and The Nasdaq Stock Market LLC*;

2. Barbero, Megan, *Counsel for Respondent*;

3. Borse Dubai Limited, *Owner of 10% or Greater Interest in Nasdaq, Inc.*;

4. BOX Exchange LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

5. Boyle, Gregory M., *Counsel for Proposed Intervenor Consolidated Audit Trail, LLC*;

6. Cboe BYX Exchange, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

7. Cboe BZX Exchange, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

8. Cboe C2 Exchange, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

9. Cboe EDGA Exchange, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

10. Cboe EDGX Exchange, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

11. Cboe Exchange, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

12. Cboe Global Markets, Inc. (BATS: CBOE), *Indirect Owner of 10% or Greater Interest in Proposed Intervenor Consolidated Audit Trail, LLC, and Direct or Indirect Parent Company of Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc.*;

13. Citadel Securities GP LLC, *Parent Company of Petitioner*;

14. Citadel Securities LLC, *Petitioner*;

15. Conley, Michael A., *Counsel for Respondent*;

16. Consolidated Audit Trail, LLC, *Proposed Intervenor*;

17. Deutsch, Elizabeth B., *Counsel for Proposed Intervenor Consolidated Audit Trail, LLC*;

18. Financial Industry Regulatory Authority, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

19. Francisco, Noel J., *Counsel of Record for Petitioner*;

20. Gershengorn, Ian Heath, *Counsel of Record for Proposed Intervenor Consolidated Audit Trail, LLC*;

21. Hardin, Tracey A., *Counsel for Respondent*;

22. Hoyt, Joshua T., *Counsel for Petitioner*;

23. Intercontinental Exchange, Inc. (NYSE: ICE), *Indirect Owner of 10% or Greater Interest in Proposed Intervenor Consolidated Audit Trail, LLC, and Indirect Parent Company of New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE Chicago, Inc., and NYSE National, Inc.*;

24. International Securities Exchange Holdings, Inc., *Parent Company of Nasdaq GEMX, LLC, Nasdaq ISE, LLC, and Nasdaq MRX, LLC*;

25. Investor AB (Nasdaq Stockholm: INVE B), *Owner of 10% or Greater Interest in Nasdaq, Inc.,*

26. Investors Exchange LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

27. Jenner & Block LLP, *Counsel for Proposed Intervenor Consolidated Audit Trail, LLC*;

28. Jones Day, *Counsel for Petitioner*;

29. Kastenberg, Stephen J., *Counsel for Proposed Intervenors Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, Nasdaq PHLX LLC, and The Nasdaq Stock Market LLC*;

30. Lantieri, Paul III, *Counsel of Record for Proposed Intervenors Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, Nasdaq PHLX LLC, and The Nasdaq Stock Market LLC*;

31. Long-Term Stock Exchange, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

32. Lucas, Brinton, *Counsel for Petitioner*;

33. Marshall, Jonathan J., *Counsel for Proposed Intervenor Consolidated Audit Trail, LLC*;

34. Matro, Daniel E., *Counsel of Record for Respondent*;

35. MEMX LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

36. Miami International Securities Exchange LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

37. MIAX Emerald, LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

38. MIAX PEARL, LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

39. MIAX Sapphire, LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

40. Nasdaq BX, Inc., *Proposed Intervenor and Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

41. Nasdaq GEMX, LLC, *Proposed Intervenor and Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

42. Nasdaq, Inc. (Nasdaq: NDAQ), *Parent Company of Nasdaq BX, Inc., Nasdaq PHLX LLC, and The Nasdaq Stock Market LLC*;

43. Nasdaq ISE, LLC, *Proposed Intervenor and Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

44. Nasdaq MRX, LLC, *Proposed Intervenor and Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

45. Nasdaq PHLX LLC, *Proposed Intervenor and Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

46. New York Stock Exchange LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

47. NYSE American LLC, *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

48. NYSE Arca, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

49. NYSE Chicago, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

50. NYSE National, Inc., *Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

51. Rabbitt, Brian C., *Counsel for Petitioner*;

52. Roth, Yaakov M., *Counsel for Petitioner*;

53. The Nasdaq Stock Market LLC, *Proposed Intervenor and Member of Proposed Intervenor Consolidated Audit Trail, LLC*;

54. The Vanguard Group, Inc., *Owner of 10% or Greater Interest in Cboe Global Markets, Inc.*;

55. Thoma Bravo, LP, *Owner of 10% or Greater Interest in Nasdaq, Inc.*;

56. Unikowsky, Adam G., *Counsel for Proposed Intervenor Consolidated Audit Trail, LLC*;

57. United States Securities and Exchange Commission, *Respondent*.

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through -3, undersigned counsel for Proposed Intervenor Consolidated Audit Trail, LLC, hereby certifies that Consolidated Audit Trail, LLC, has no parent corporation, and that the following three publicly held companies have an indirect ownership interest in Consolidated Audit Trail, LLC, of 10% or more: Cboe Global Markets, Inc. (BATS: CBOE); Intercontinental Exchange, Inc. (NYSE: ICE); and Nasdaq, Inc. (Nasdaq: NDAQ).

Date: August 15, 2024               /s/ Ian Heath Gershengorn
                                                Ian Heath Gershengorn

*Counsel of Record for Proposed Intervenor Consolidated Audit Trail, LLC*

## UNOPPOSED MOTION FOR LEAVE TO INTERVENE

On July 17, 2024, petitioner Citadel Securities LLC filed a petition for review of a decision by the Securities and Exchange Commission ("SEC") to grant a temporary conditional exemption pursuant to Rule 608(e) of Regulation NMS under the Securities Exchange Act of 1934. C.A. Doc. 1-2; *see* Order Granting a Temporary Conditional Exemption Pursuant to Section 36(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 608(e) of Regulation NMS Under the Exchange Act, Relating to the Reporting of Responses to Requests for Quotes and Other Solicitation Responses Provided in a Standard Electronic Format, as Required by Section 6.4(d) of the National Market System Plan Governing the Consolidated Audit Trail, Exchange Act Release No. 100,181, 89 Fed. Reg. 45,715 (May 23, 2024) ("Temporary Exemption"). Pursuant to Federal Rule of Appellate Procedure 15(d) and Eleventh Circuit Rule 15-4, Consolidated Audit Trail, LLC ("CAT LLC"), moves to intervene in support of the SEC. Neither petitioner nor the SEC opposes this motion.

## BACKGROUND

A. "'[S]elf-regulatory organizations,'" or "SROs," have a "prominent role in the administration and enforcement of federal securities laws." *Turbeville v. FINRA*, 874 F.3d 1268, 1270 (11th Cir. 2017). In 2012, the SEC adopted Rule 613 of Regulation NMS, which required certain SROs to submit a "national market

1

system plan," or "NMS plan," to maintain a consolidated audit trail ("CAT") that would capture information relating to orders, trades, customers, and customer accounts in U.S. equities and options markets. *See* Consolidated Audit Trail, Exchange Act Release No. 67,457, 77 Fed. Reg. 45,722, 45,722–23 (Aug. 1, 2012). The SEC approved the plan proposed by the SROs, called the "CAT NMS Plan," in 2016. *See* Order Approving the National Market System Plan Governing the Consolidated Audit Trail, Exchange Act Release No. 79,318, 81 Fed. Reg. 84,696 (Nov. 23, 2016). The SROs participating in the CAT jointly own CAT LLC, which was formed to conduct the activities of the CAT. *See* Notice of Filing of the National Market System Plan Governing the Consolidated Audit Trail, Exchange Act Release No. 77,724, 81 Fed. Reg. 30,614, 30,618 (May 17, 2016).[1] In the parlance of the CAT, these SROs are called "Participants," but for simplicity, this motion will refer to them as "the SROs." *Id.*[2]

---

[1] CAT activities were initially conducted through CAT NMS, LLC, the predecessor entity to CAT LLC. *See* Notice of Filing and Immediate Effectiveness of Amendment to the National Market System Plan Governing the Consolidated Audit Trail, Exchange Act Release No. 87,149, 84 Fed. Reg. 52,905, 52,906 (Oct. 3, 2019). The CAT NMS Plan was itself the limited-liability-company agreement governing CAT NMS, LLC, and is now the limited-liability-company agreement governing CAT LLC. *See id.*

[2] The current SRO Participants are: BOX Exchange LLC; Cboe BYX Exchange, Inc.; Cboe BZX Exchange, Inc.; Cboe C2 Exchange, Inc.; Cboe EDGA Exchange, Inc.; Cboe EDGX Exchange, Inc.; Cboe Exchange, Inc.; Financial Industry Regulatory Authority, Inc.; Investors Exchange LLC; Long-Term Stock Exchange, Inc.; MEMX LLC; Miami International Securities Exchange, LLC; MIAX Emerald,

2

Under the CAT NMS Plan, CAT LLC could, subject to certain general funding principles, obtain some of the funding for the CAT from broker-dealers (like petitioner). *See* Order Approving an Amendment to the National Market System Plan Governing the Consolidated Audit Trail, Exchange Act Release No. 98,290, 88 Fed. Reg. 62,628, 62,628 (Sept. 12, 2023) ("2023 Funding Order"). In September 2023, the SEC issued an order approving an amendment to the CAT NMS Plan that revised the funding model for apportioning CAT costs among the SROs and broker-dealers. *See id.* at 62,628–29. CAT LLC is still in the process of introducing CAT fees that implement the 2023 Funding Order. As a result, all of the costs of creating, developing, and maintaining the CAT since 2012 have to this point been shouldered entirely by the SROs alone (in exchange for promissory notes from CAT LLC)—to the tune of over $700 million. *See id.* at 62,662 n.749.

In May 2020, the SEC adopted amendments to the CAT NMS Plan that established certain financial accountability milestones, or "FAMs," that governed the SROs' development and implementation of the CAT. *See* Amendments to the National Market System Plan Governing the Consolidated Audit Trail, Exchange Act Release No. 88,890, 85 Fed. Reg. 31,322, 31,328–29 (May 22, 2020). Under the

---

LLC; MIAX PEARL, LLC; MIAX Sapphire, LLC; Nasdaq BX, Inc.; Nasdaq GEMX, LLC; Nasdaq ISE, LLC; Nasdaq MRX, LLC; Nasdaq PHLX LLC; The Nasdaq Stock Market LLC; New York Stock Exchange LLC; NYSE American LLC; NYSE Arca, Inc.; NYSE Chicago, Inc.; and NYSE National, Inc.

amended CAT NMS Plan, in the event CAT's development failed to meet the FAM benchmarks by specified dates, the SROs' ability to recoup CAT-related costs from broker-dealers would be affected. For instance, the May 2020 amendments established certain "Period 1" reporting requirements and provided that if CAT LLC did not achieve those requirements by the target deadline, the SROs would not be entitled to recover 25% of the CAT-related costs incurred between the effective date of the amendments (in June 2020) and the time when the Period 1 benchmarks were achieved. *Id.* at 31,331. If the delay were more than 45 days, that amount would be 50% of those costs; if more than 90 days, it would be 75%; and if more than 135 days, it would be 100%. *Id.*

  B. The SEC decision at issue in this case temporarily exempts the broker-dealers from having to report, and the CAT from having to collect, a narrow set of data related to a particular form of market event: "bids and/or offers made in response to a request for quote ('RFQ') or other form of solicitation response provided in standard electronic format . . . that is not 'immediately actionable' (*i.e.*, further action is required by the responder providing the quote in order to execute or cause a trade to be executed)." Temporary Exemption, 89 Fed. Reg. at 45,716. Petitioner seeks review of that exemption. It has already argued in this Court that the exemption bears on the SROs' compliance with the FAM benchmarks, and thus implicates

4

who will ultimately bear "hundreds of millions of dollars in CAT costs." C.A. Doc. 11, at 5 (July 19, 2024) ("Abeyance Mot."); *see id.* at 4–5.

  C. The 2023 Funding Order that allocated CAT costs between the SROs and broker-dealers was challenged in this Court by petitioner and one other entity. *See Am. Sec. Ass'n v. U.S. SEC*, No. 23-13396 (11th Cir. filed Oct. 17, 2023). CAT LLC moved to intervene in *American Securities Ass'n*, *see* No. 23-13396, ECF No. 30 (Nov. 16, 2023), and this Court granted its motion, *see* No. 23-13396, ECF No. 48 (Jan. 17, 2024). CAT LLC subsequently followed the briefing schedule governing the other parties and timely filed a brief in support of the SEC. *See* No. 23-13396, ECF No. 97 (Apr. 15, 2024).

 On July 19, 2024, petitioner moved to hold this case in abeyance pending resolution of *American Securities Ass'n*, arguing that the result there could moot the need for review here. Abeyance Mot. 2. The SEC did not oppose that motion. *Id.* at 7. This Court granted petitioner's motion and ordered the case held in abeyance. C.A. Doc. 16 (Aug. 1, 2024).

## ARGUMENT

 This Court should grant CAT LLC permission to intervene given its substantial interest in the subject matter of this petition for review and its ongoing participation in the closely related *American Securities Ass'n* case.

A. Federal Rule of Appellate Procedure 15(d) authorizes motions to intervene in proceedings seeking review of agency actions. Rule 15(d) requires that such motions "contain a concise statement of the interest of the moving party and the grounds for intervention." Fed. R. App. P. 15(d).

"No statute or rule provides a general standard to apply in deciding whether intervention on appeal should be allowed." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 276 (2022). Accordingly, courts consider "the policies underlying intervention in the district courts," *id.* at 277 (internal quotation marks omitted), including "the legal 'interest' that a party seeks to 'protect' through intervention on appeal," *id.* (quoting Fed. R. Civ. P. 24(a)(2)). Federal Rule of Civil Procedure 24(a)(2), in turn, provides that a court must permit intervention when a party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[3]

B. That this Court previously permitted CAT LLC to intervene in *American Securities Ass'n* should be dispositive here. In seeking to hold this case in abeyance

---

[3] Rule 24(a) requires a "timely motion." Fed. R. Civ. P. 24(a). That requirement is satisfied here, as CAT LLC has filed its motion "within 30 days after the petition for review [wa]s filed." Fed. R. App. P. 15(d).

6

pending the resolution of *American Securities Ass'n*, petitioner (who is also a petitioner in *American Securities Ass'n*) explained that the issues in *American Securities Ass'n* are intertwined with those here. Abeyance Mot. 1–2, 6–7. The SEC did not oppose that motion or disagree with that position. *Id.* at 7. Indeed, like the SEC order that is the subject of *American Securities Ass'n*, the SEC action at issue here was initially requested by CAT LLC before being granted by the SEC. *See* 2023 Funding Order, 88 Fed. Reg. at 62,628; Letter from Brandon Becker, Chair, CAT NMS Plan Operating Comm., to Vanessa Countryman, Sec'y, SEC 1–2 (Feb. 13, 2024), https://www.catnmsplan.com/sites/default/files/2024-02/02.13.24-Exemption-Request-Responses-to-Electronic-RFQs.pdf. Like the earlier order, this action redounds in part to the benefit of CAT LLC and the SROs that own it (as well as to broker-dealers who, per the exemption, are not required to report the relevant RFQ response data). And like with the earlier order, petitioner's arguments here would threaten the ability of CAT LLC's owners to recoup hundreds of millions of dollars in costs expended developing, operating, and maintaining the CAT system. It would be anomalous to refuse CAT LLC permission to participate in this case given its participation in *American Securities Ass'n*.

C. In any event, CAT LLC satisfies the intervention standard on first principles. CAT LLC plainly has a substantial legal interest in this appeal: CAT LLC submitted the request for this exemption (significantly, for the benefit of broker-

7

dealers), which defers the requirement for CAT reporting of a niche type of data (to the extent that data is reportable at all); the exemption modifies the CAT NMS Plan, which serves as CAT LLC's limited-liability-company agreement; and CAT LLC's ability to fund its operations—up to hundreds of millions of dollars—is called into question by petitioner. CAT LLC thus has a direct interest in the "transaction" at issue, Fed. R. Civ. P. 24(a)(2): the temporary exemption of the requirement to complete CAT reporting of RFQ data. And because petitioner appears to argue that without the exemption at issue, the SROs that own CAT LLC could be precluded from recovering "hundreds of millions of dollars in CAT costs" from "broker-dealers such as [petitioner]," Abeyance Mot. 1, CAT LLC has an interest in "property" at issue here, as well. Fed. R. Civ. P. 24(a)(2). It is plain that "disposing of th[is] action may as a practical matter impair or impede [CAT LLC's] ability to protect its interest." *Id.*

Indeed, this Court and other circuits routinely allow private parties to intervene in appeals from administrative agencies when the private party is the proponent or subject of the agency action under review. *See, e.g.*, *Autauga Cnty. Emergency Mgmt. Commc'n Dist. v. FCC*, 17 F.4th 88, 98 (11th Cir. 2021) (authorizing BellSouth and trade associations to intervene in appeal concerning fees that BellSouth would owe); *Ala. Envtl. Council v. Adm'r, U.S. EPA*, 711 F.3d 1277, 1284, 1292 (11th Cir. 2013) (authorizing Alabama Power to intervene in appeal of

8

approval order benefiting Alabama Power); *All. for Fair Bd. Recruitment v. SEC*, 85 F.4th 226, 239 (5th Cir. 2023) (authorizing Nasdaq to intervene in appeal to defend SEC approval of rules proposed by The Nasdaq Stock Market LLC), *vacated on grant of reh'g en banc*, No. 21-60626, 2024 WL 670403 (5th Cir. Feb. 19, 2024); *Cboe Futures Exch., LLC v. SEC*, 77 F.4th 971, 976 (D.C. Cir. 2023) (authorizing MGEX, a futures market participant, to intervene in appeal concerning order exempting MGEX from certain regulatory requirements); *Bloomberg L.P. v. SEC*, 45 F.4th 462, 465 (D.C. Cir. 2022) (authorizing the Financial Industry Regulatory Authority to intervene in appeal concerning reporting requirements that it proposed). Here, CAT LLC is both a proponent of the SEC's exemption and directly affected by it. Thus, CAT LLC should be permitted to intervene.

Further, the SEC does not adequately represent CAT LLC's interests. As the Supreme Court has made clear, this requirement "present[s] proposed intervenors with only a minimal challenge." *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 195 (2022). That "minimal challenge" is easily overcome when a private entity seeks to intervene on the side of the government. For example, in *Trbovich v. United Mine Workers of America*, 404 U.S. 528 (1972), the Supreme Court held that a union member was entitled to intervene in a lawsuit brought by the Secretary of Labor when the union member had filed the administrative complaint that triggered the lawsuit. *Id.* at 529–30. This was so notwithstanding that "[a]t a high level of

9

abstraction, the union member's interest and the Secretary's might have seemed closely aligned." *Berger*, 597 U.S. at 196. The Court "acknowledged that the Secretary's and the union member's interests were 'related,' but it emphasized that the interests were not 'identical'—the union member sought relief against his union, full stop; meanwhile, the Secretary also had to bear in mind broader public-policy implications." *Id.* (quoting *Trbovich*, 404 U.S. at 538–39).

Consistent with those principles, lower courts have routinely held that for purposes of Rule 24(a)(2), a private entity's "pecuniary interest" is "qualitatively different" from a government's "sovereign interests." *Huff v. Comm'r*, 743 F.3d 70, 800 (11th Cir. 2014); *see also Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736–37 (D.C. Cir. 2003) (noting that the court has "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors," such as when the private intervenor "is seeking to protect a more narrow and 'parochial' financial interest not shared" more broadly (some internal quotation marks omitted)). As noted above, this case implicates both technical and financial requirements borne by CAT LLC and its owners rather than by the SEC. Moreover, the SEC "do[es] not have the same institutional knowledge" regarding CAT LLC's operations as CAT LLC itself. *Huff*, 743 F.3d at 800. As such, the SEC does not adequately represent CAT LLC's interests, warranting CAT LLC's participation as an intervenor.

10

D.  It follows that CAT LLC also satisfies the less demanding standard for permissive intervention, which requires showing only that the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B), and that the intervention will not "unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3). *See Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002). For the same reasons that CAT LLC has a substantial legal interest in the subject matter of this appeal—that is, that it requested the exemption that the SEC granted and that petitioner now seeks to challenge, and it potentially stands to suffer significant prejudice if the exemption were vacated—it shares in the legal and factual questions likely to be raised in this case.

What's more, nothing significant has yet occurred in this case, which is held in abeyance pending resolution of *American Securities Ass'n*. CAT LLC agrees with the Court's decision to hold this case in abeyance, so its intervention will not add procedural complexity or cause additional delay. And CAT LLC will follow the same briefing schedule as the rest of the parties once the case resumes, just like it did in *American Securities Ass'n*.

## CONCLUSION

CAT LLC's motion for leave to intervene should be granted.

Respectfully submitted,

Date: August 15, 2024

*/s/ Ian Heath Gershengorn*
Ian Heath Gershengorn
  *Counsel of Record*
Adam G. Unikowsky
Elizabeth B. Deutsch
Jonathan J. Marshall
JENNER & BLOCK LLP
1099 New York Avenue, NW,
  Suite 900
Washington, DC 20001
(202) 639-6000
igershengorn@jenner.com

Gregory M. Boyle
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 527-0484

*Counsel for Proposed Intervenor
  Consolidated Audit Trail, LLC*

12

# CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the word limit set forth in Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f), this motion contains **2,703** words.

I further certify that this motion complies with the typeface requirements set forth in Federal Rule of Appellate Procedure 27(d)(1)(E) and with the type-style requirements set forth in Federal Rule of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared using 14-point Times New Roman font in Microsoft Office Word 365.

Date:  August 15, 2024             */s/ Ian Heath Gershengorn*
                                   Ian Heath Gershengorn

                                   *Counsel of Record for Proposed Intervenor Consolidated Audit Trail, LLC*