No. 24-12300

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

CITADEL SECURITIES LLC,

*Petitioner*,

v.

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

*Respondent*.

---

On Petition for Review of an Order of the
United States Securities and Exchange Commission
Release No. 34-100181

---

## MOTION FOR LEAVE TO INTERVENE IN SUPPORT OF RESPONDENT BY CBOE BYX EXCHANGE, INC., CBOE BZX EXCHANGE, INC., CBOE C2 EXCHANGE, INC., CBOE EDGA EXCHANGE, INC., CBOE EDGX EXCHANGE, INC., AND CBOE EXCHANGE, INC.

---

Paul E. Greenwalt III
Michael K. Molzberger
ARENTFOX SCHIFF LLP
233 S. Wacker Dr., Suite 7100
Chicago, IL 60606
Phone: (312) 258-5500
paul.greenwalt@afslaw.com
michael.molzberger@afslaw.com

J. Maxwell Heckendorn
ARENTFOX SCHIFF LLP
1301 Avenue of the Americas,
42nd Floor
New York, NY 10019
max.heckendorn@afslaw.com

*Counsel for Proposed Intervenors Cboe*
*BYX Exchange, Inc., Cboe BZX*
*Exchange, Inc., Cboe C2 Exchange, Inc.,*
*Cboe EDGA Exchange, Inc., Cboe*
*EDGX Exchange, Inc., and Cboe*
*Exchange, Inc.*

*Citadel Securities LLC v. United States Securities and Exchange Commission*,
Case No. No. 24-12300

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, the undersigned counsel of record for Movants Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc., certifies that the persons and entities below are currently known to have an interest in the outcome of this case:

1.    **ArentFox Schiff LLP**, counsel for Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc., which each intend to move to intervene in this matter by August 15, 2024.

2.    **Ballard Spahr LLP**, counsel for The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX LLC, and Nasdaq PHLX LLC.

3.    **Barbero, Megan**, counsel for Respondent United States Securities and Exchange Commission.

4.    **Borse Dubai Limited**, owner of more than 10% of Nasdaq, Inc.'s shares.

5.    **BOX Exchange LLC**, member and participant of CAT LLC.

*Citadel Securities LLC v. United States Securities and Exchange Commission,*
Case No. No. 24-12300

6. **Boyle, Gregory M.**, Jenner & Block, counsel for CAT LLC.

7. **Cboe BYX Exchange, Inc.**, member and participant of CAT LLC.

8. **Cboe BZX Exchange, Inc.**, member and participant of CAT LLC.

9. **Cboe C2 Exchange, Inc.**, member and participant of CAT LLC.

10. **Cboe EDGA Exchange, Inc.**, member and participant of CAT LLC.

11. **Cboe EDGX Exchange, Inc.**, member and participant of CAT LLC.

12. **Cboe Exchange, Inc.**, member and participant of CAT LLC.

13. **Cboe Global Markets, Inc.**, (ticker symbol: CBOE), direct or indirect parent company of Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.

14. **Citadel Securities GP LLC**, parent company of Petitioner Citadel Securities LLC.

15. **Citadel Securities LLC**, Petitioner.

16. **Conley, Michael A.**, counsel for Respondent United States Securities and Exchange Commission.

17. **Consolidated Audit Trail, LLC**, a jointly owned limited liability company formed under Delaware state law through which the participants conduct the activities of the CAT NMS Plan.

18. **Deutsch, Elizabeth B.**, Jenner & Block, counsel for CAT LLC.

*Citadel Securities LLC v. United States Securities and Exchange Commission,*
Case No. No. 24-12300

19.    **Financial Industry Regulatory Authority, Inc.**, member and participant of CAT LLC.

20.    **Francisco, Noel J.**, Jones Day, counsel for Petitioner Citadel Securities LLC.

21.    **Gershengorn, Ian Heath**, Jenner & Block, counsel of Record for Proposed Intervenor CAT LLC.

22.    **Greenwalt, Paul, III**, ArentFox Schiff, counsel for Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.

23.    **Hardin, Tracey A.**, counsel for Respondent United States Securities and Exchange Commission.

24.    **Heckendorn, J. Maxwell**, ArentFox Schiff, counsel for Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.

25.    **Hoyt, Joshua T.**, Jones Day, counsel for Petitioner Citadel Securities LLC.

26.    **Intercontinental Exchange, Inc.** (NYSE: ICE), indirect parent of New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE Chicago, Inc., and NYSE National, Inc.

*Citadel Securities LLC v. United States Securities and Exchange Commission*,
Case No. No. 24-12300

27.    **Investor AB** (Nasdaq Stockholm: INVEB), owner of more than 10% of Nasdaq, Inc.'s shares.

28.    **Investors' Exchange LLC,** member and participant of CAT LLC.

29.    **Jones Day**, counsel for Petitioner Citadel Securities LLC.

30.    **Kastenberg, Stephen J.**, Ballard Spahr LLP, counsel for Movants The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC

31.    **Lantieri, Paul**, Ballard Spahr LLP, counsel for The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC.

32.    **Long-Term Stock Exchange, Inc.**, member and participant of CAT LLC.

33.    **Lucas, Brinton**, Jones Day, counsel for Petitioner Citadel Securities LLC.

34.    **Marshall, Jonathan J.**, Jenner & Block, counsel for CAT LLC.

35.    **Matro, Daniel E.**, counsel for Respondent United States Securities and Exchange Commission.

36.    **MEMX LLC**, member and participant of CAT LLC, member and participant of CAT LLC.

*Citadel Securities LLC v. United States Securities and Exchange Commission*,
Case No. No. 24-12300

37.     **Miami International Securities Exchange LLC**, member and participant of CAT LLC.

38.     **MIAX Emerald, LLC**, member and participant of CAT LLC.

39.     **MIAX PEARL, LLC**, member and participant of CAT LLC.

40.     **MIAX Sapphire, LLC**, member and participant of CAT LLC.

41.     **Molzberger, Michael**, ArentFox Schiff, counsel for Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.

42.     **Nasdaq BX, Inc.**, member and participant of CAT LLC.

43.     **Nasdaq GEMX, LLC**, member and participant of CAT LLC.

44.     **Nasdaq ISE, LLC**, member and participant of CAT LLC.

45.     **Nasdaq MRX, LLC**, member and participant of CAT LLC.

46.     **Nasdaq PHLX LLC**, member and participant of CAT LLC.

47.     **Nasdaq, Inc.** (Nasdaq: NDAQ), sole owner of LLC interest in The Nasdaq Stock Market LLC and Nasdaq PHLX LLC and parent company of Nasdaq BX, Inc.

48.     **New York Stock Exchange LLC**, member and participant of CAT LLC.

49.     **NYSE American LLC**, member and participant of CAT LLC.

50.     **NYSE Arca, Inc.**, member and participant of CAT LLC.

*Citadel Securities LLC v. United States Securities and Exchange Commission*,
Case No. No. 24-12300

51.    **NYSE Chicago, Inc.**, member and participant of CAT LLC.

52.    **NYSE National, Inc.**, member and participant of CAT LLC.

53.    **The Nasdaq Stock Market LLC**, member and participant of CAT LLC.

54.    **Rabbitt, Brian C.**, Jones Day, counsel for Petitioner Citadel Securities LLC.

55.    **Roth, Yaakov M.**, Jones Day, counsel for Petitioner Citadel Securities LLC.

56.    **Thoma Bravo UGP, LLC**, owner of more than 10% of Nasdaq, Inc.'s shares.

57.    **Unikowsky, Adam G.**, Jenner & Block, Counsel for CAT LLC.

58.    **United States Securities and Exchange Commission**, Respondent.

59.    **The Vanguard Group, Inc.**, owned 10% or more of Cboe Global Markets, Inc.'s common stock as of June 30, 2024.

Dated: August 15, 2024                    Respectfully submitted,

                                          */s/ Paul E. Greenwalt III*
                                          Paul E. Greenwalt III
                                          Michael K. Molzberger
                                          ARENTFOX SCHIFF LLP
                                          233 S. Wacker Dr., Suite 7100
                                          Chicago, IL 60606
                                          (312) 258-5702
                                          paul.greenwalt@afslaw.com
                                          michael.molzberger@afslaw.com

*Citadel Securities LLC v. United States Securities and Exchange Commission*,
Case No. No. 24-12300

J. Maxwell Heckendorn
ARENTFOX SCHIFF LLP
1301 Avenue of the Americas,
42nd Floor
New York, NY 10019
max.heckendorn@afslaw.com


*Counsel for Proposed Intervenors Cboe*
*BYX Exchange, Inc., Cboe BZX*
*Exchange, Inc., Cboe C2 Exchange,*
*Inc. Cboe EDGA Exchange, Inc., Cboe*
*EDGX Exchange, Inc., and Cboe*
*Exchange, Inc*

*Citadel Securities LLC v. United States Securities and Exchange Commission*,
Case No. No. 24-12300

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-2, the undersigned counsel of record certifies that Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc. are each a direct or indirect wholly-owned subsidiary of Cboe Global Markets, Inc. (CBOE), a public company. Cboe Global Markets, Inc. has no parent corporation. A third party's review of public filings indicates that The Vanguard Group, Inc. owned 10% or more of Cboe Global Markets, Inc.'s common stock as of June 30, 2024.

Dated: August 15, 2024                    Respectfully submitted,

                                          */s/ Paul E. Greenwalt III*
                                          Paul E. Greenwalt III
                                          Michael K. Molzberger
                                          ARENTFOX SCHIFF LLP
                                          233 S. Wacker Dr., Suite 7100
                                          Chicago, IL 60606
                                          (312) 258-5702
                                          paul.greenwalt@afslaw.com
                                          michael.molzberger@afslaw.com

*Citadel Securities LLC v. United States Securities and Exchange Commission*,
Case No. No. 24-12300

J. Maxwell Heckendorn
ARENTFOX SCHIFF LLP
1301 Avenue of the Americas,
42nd Floor
New York, NY 10019
max.heckendorn@afslaw.com

*Counsel for Proposed Intervenors Cboe
BYX Exchange, Inc., Cboe BZX
Exchange, Inc., Cboe C2 Exchange,
Inc. Cboe EDGA Exchange, Inc., Cboe
EDGX Exchange, Inc., and Cboe
Exchange, Inc.*

Pursuant to Federal Rule of Appellate Procedure 15(d) and Circuit Rule 15-4, Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc. (collectively, the "Cboe Exchanges") respectfully move for leave to intervene in support of Respondent United States Securities and Exchange Commission ("Commission" or "SEC").

In 2023, Citadel Securities LLC ("Citadel") and the American Securities Association ("ASA") petitioned this Court for review of a Commission order approving a funding model for the National Market System Plan Governing the Consolidated Audit Trail (the "CAT NMS Plan").[1]  *See ASA v. SEC*, No. 23-13396 (11th Cir.) (the "2023 Appeal").  The Cboe Exchanges moved for leave to intervene in the 2023 Appeal because they have direct pecuniary and regulatory interests in the outcome of that appeal, which concerns the funding of the CAT NMS Plan.  Over Citadel and ASA's objection, the Cboe Exchanges, certain other exchanges, and the Consolidated Audit Trail, LLC were granted leave to intervene in the 2023 Appeal. *ASA v. SEC,* No. 23-13396, ECF No. 48 (11th Cir. January 17, 2024).  The 2023 Appeal is fully briefed and the parties are awaiting a date for oral argument.

---

[1]  The CAT NMS Plan, as of July 31, 2024, is available at: https://www.catnmsplan.com/sites/default/files/2024-08/LLC_Agreement_of_Consolidated_Audit_Trail_LLC-as-of-7.31.24.pdf.

1

On July 17, 2024, Citadel initiated this appeal when it petitioned for review of another Commission order related to the CAT NMS Plan. ECF No. 1-2. Specifically, Citadel seeks review of the Commission's May 20, 2024 Order Granting a Temporary Conditional Exemption Pursuant to Section 36(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 608(e) of Regulation NMS Under the Exchange Act, Relating to the Reporting of Responses to Requests for Quotes and Other Solicitation Responses Provided in a Standard Electronic Format, as Required by Section 6.4(d) of the National Market System Plan Governing the Consolidated Audit Trail, Release No. 34-100181; entered on May 20, 2024, 89 Fed. Reg. 45715 (May 23, 2024) (the "Exemptive Order").

On August 1, 2024, this Court granted Citadel's unopposed motion to stay this appeal until a decision is issued in the 2023 Appeal. ECF No. 16. Although this appeal is stayed, the Cboe Exchanges are moving to intervene now to ensure that they comply with the deadlines set forth in Federal Rule of Appellate Procedure 15(d) and Circuit Rule 15-4.

The Cboe Exchanges should be granted leave to intervene in this appeal for the same reasons their intervention was appropriate (and granted) in the 2023 Appeal. If successful, Citadel's challenge to the Exemptive Order may impair the Cboe Exchanges' economic and regulatory interests in the CAT NMS Plan. The CAT NMS Plan was formed to create, implement, and maintain the consolidated

audit trail (the "CAT"), which is the central repository responsible for the receipt, consolidation, and retention of all information reported to the CAT pursuant to SEC Rules 608 and 613, including information pertaining to trading activity on the Cboe Exchanges. *See* 17 C.F.R. §§ 608 and 613.

The Cboe Exchanges, along with other self-regulatory organizations that are "Participants" in the CAT NMS Plan, have been funding the development and operation of the CAT since the SEC's adoption of Rule 613 in 2012, including through promissory notes provided to CAT LLC and its predecessor CAT NMS, LLC, and have incurred significant costs in doing so.[2]  Although Citadel's Petition for Review does not reveal the arguments that Citadel intends to make in this appeal, Citadel's motion to hold this appeal in abeyance indicates that Citadel plans to argue that the Exemptive Order has the effect of improperly allowing the Cboe Exchanges and the other Participants to "pass through hundreds of millions of dollars in CAT costs to broker-dealers," allegedly in violation of certain "financial accountability

---

[2] The "Participants" of the CAT NMS Plan currently are: BOX Exchange LLC, Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe Exchange, Inc., Financial Industry Regulatory Authority, Inc., Investors' Exchange LLC, Long-Term Stock Exchange, Inc., MEMX LLC, Miami International Securities Exchange LLC, MIAX Emerald, LLC, MIAX PEARL, LLC, MIAX Sapphire, LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, Nasdaq PHLX LLC, The Nasdaq Stock Market LLC, New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE Chicago, Inc., and NYSE National, Inc.

milestones" that were previously imposed by the Commission in an amendment to the CAT NMS Plan. ECF No. 11 at 4-5. In sum, if Citadel's challenge is successful, the Cboe Exchanges' ability to recoup on certain sums that they have expended to create and implement the CAT may be further delayed or otherwise frustrated.

Accordingly, the Cboe Exchanges respectfully move to intervene in support of the Commission. Petitioner and Respondent do not oppose this Motion.

## BACKGROUND

### A.    The Creation and Funding of the CAT

On July 11, 2012, the Commission adopted Rule 613 of Regulation National Market System, which required that certain self-regulatory organizations submit a national market system plan to create, implement, and maintain a consolidated audit trail that would capture customer and order event information for orders in national market system securities. *See* 17 C.F.R. § 242.613.

On November 15, 2016, the Commission approved the CAT NMS Plan. *See* Joint Industry Plan; Order Approving the National Market System Plan Governing the Consolidated Audit Trail; Release No. 34-79318; File No. 4-698, entered on November 15, 2016, 81 Fed. Reg. 84696 (Nov. 23, 2016). The CAT NMS Plan "functions as the limited liability company agreement of the jointly owned limited liability company formed under Delaware state law through which the Participants conduct the activities of" CAT LLC. Joint Industry Plan Order Approving an

4

Amendment to the National Market System Plan Governing the Consolidated Audit Trail, Release No. 34-98290; File No. 4-698, entered on September 6, 2023, 88 Fed. Reg. 62628 n.2 (Sept. 12, 2023) (the "Funding Model Approval Order"). Each Participant is a member of CAT LLC and jointly owns CAT LLC on an equal basis. *Id.*

In 2012, when it adopted Rule 613, the Commission mandated the creation of the CAT for the purpose of enhancing regulators' ability to monitor trading activity in the U.S. markets. To date, the funding for development and operation of the CAT has been provided solely by the Participants, including the Cboe Exchanges, by means of a system where the Participants have provided funding to CAT LLC in exchange for promissory notes (on which CAT LLC has not yet made any payments). In other words, the Cboe Exchanges and the other Participants have been the sole source of funding for the CAT, including in excess of $230 million in notes funded by the Cboe Exchanges.

On March 13, 2023, CAT LLC, on behalf of the Participants, filed with the Commission a proposed amendment to the CAT NMS Plan to implement a revised funding model. On September 6, 2023, the Commission's Funding Model Approval Order approved that proposed amendment. Pursuant to the Funding Model Approval Order, costs for operating the CAT NMS Plan will be allocated equitably among Participants and "Industry Members" (including Citadel), thereby allowing the

5

Participants to eventually recover a portion of the hundreds of millions of dollars in expenses they have borne in developing and operating the CAT NMS Plan and establishing a model for ongoing funding. *See* Funding Model Approval Order, 88 Fed. Reg. at 62662 and 62682 n.1102.

## B.    Citadel and ASA Challenge the Funding Model Approval Order

In the 2023 Appeal, Citadel and ASA petitioned this Court to review the Funding Model Approval Order. Over Citadel and ASA's objection, the Cboe Exchanges, certain other Participants, and CAT LLC were granted leave to intervene. *ASA v. SEC*, No. 23-13396, ECF No. 48 (11th Cir. Jan. 17, 2024). The Cboe Exchanges moved for leave to intervene in the 2023 Appeal because they have direct pecuniary and regulatory interests in the outcome of the challenge to the Funding Model Approval Order, which concerns historical and prospective funding of the CAT.

## C.    The Financial Accountability Milestones

In 2020, the Commission adopted amendments to the CAT NMS Plan that imposed several "financial accountability milestones" (referred to as "FAMs"). Amendments to the National Market System Plan Governing the Consolidated Audit Trail, Release No. 34-88890; File No. S7-13-19, entered on May 15, 2020, 85 Fed. Reg. 31322 (May 22, 2020). Under the FAM amendments, the amount of "Post-Amendment Industry Member Fees" that CAT Participants would be entitled to

6

collect for a given period to recover a portion of the CAT-related costs incurred by

or for CAT LLC would be reduced according to a schedule if the Commission's

target implementation deadlines were not met.  *See id.* 85 Fed. Reg. at 31328-35,

31348-49; CAT NMS Plan, § 11.6.

**D.    The Exemptive Order and this Appeal**

On May 20, 2024, the Commission issued the Exemptive Order, which

exempted the Participants, including the Cboe Exchanges, from requiring through

the Participants' "Compliance Rules" that Industry Members (such as Citadel) report

"NIA Electronic RFQ Responses" to the CAT.[3]  *See* Exemptive Order, 89 Fed. Reg.

---

[3] The CAT NMS Plan mandates that each Participant have a "Compliance Rule" requiring that its Industry Members comply with the provisions of SEC Rule 613 and the CAT NMS Plan.  *See* CAT NMS Plan, §§ 1.1 (defining the term "Compliance Rule"), 3.11 (requiring that each Participant enforce compliance by its Industry Members with SEC Rule 613 and the provisions of the CAT NMS Plan and promulgate rules requiring such compliance), 6.4(d)(i) ("each Participant shall, through its Compliance Rule, require Industry Members to record and electronically report to the Central Repository for each order and each Reportable Event the information referred to in Section 6.3(d), as applicable").  Citadel mischaracterizes the Exemptive Order when it asserts that "the SROs failed to report the RFQ data by that date" (ECF No. 11 at 5) because the *Industry Members* (like Citadel) are the entities that are required to report the NIA Electronic RFQ Response data at issue in the Exemptive Order – *not the SROs* – and the SROs' role is to ensure that the Industry Members comply with their reporting obligations.

As used in the Exemptive Order, the term "NIA Electronic RFQ Responses" means "bids and/or offers made in response to a request for quote ('RFQ') or other form of solicitation response provided in standard electronic format (e.g., FIX) that is not 'immediately actionable' (i.e., further action is required by the responder providing

45715, 45716.  As noted above, Citadel apparently will argue in this appeal that the Exemptive Order has the effect of improperly allowing the Cboe Exchanges, along with the other Participants, to "pass through hundreds of millions of dollars in CAT costs to broker dealers," allegedly in violation of the Commission's prior FAM order.  ECF No. 11 at 5.  In sum, the upshot of Citadel's argument is that the Cboe Exchanges, along with the other Participants, should not be allowed to recoup a large portion of the significant amounts that they have contributed to fund the creation and implementation of the CAT.

In addition, Citadel's motion to hold its petition in abeyance asserted that a decision in its favor on one or more of the arguments that it raised in the 2023 Appeal – including Citadel's argument that "CAT itself is unlawful" and is an "*ultra vires* regime" – may either "substantially effect" or "eliminate any need to adjudicate" this appeal.  *See* ECF No. 11 at 6-7.  Therefore, Citadel has conceded that the merits of the 2023 Appeal and the merits of this appeal are intertwined.

## ARGUMENT

The Cboe Exchanges seek to intervene in this case to protect their financial and regulatory interests related to the CAT NMS Plan and the Exemptive Order.  The

---

the quote in order to execute or cause a trade to be executed)."  Exemptive Order, 89 Fed. Reg. at 45716.

Cboe Exchanges satisfy the procedural and substantive requirements for intervention.

Federal Rule of Appellate Procedure 15(d) permits a party to intervene in a proceeding to review an agency action if a motion to intervene is timely, is served on all parties, and "contain[s] a concise statement of the interest of the moving party and the grounds for intervention." Fed. R. App. P. 15(d). Generally, a motion to intervene in a case seeking review of an agency action must be filed within 30 days of the petition for review. *Id.*; Cir. R. 15-4.

This Motion satisfies the procedural requirements for intervention. The Motion is timely because it was filed within 30 days of July 17, 2024, the date on which Citadel filed its Petition for Review. The Motion has been served on all parties. And the Motion's text contains "a concise statement of [the Cboe Exchanges'] interest … and the grounds for intervention." Fed. R. App. P. 15(d).

The Motion likewise satisfies the substantive requirements for intervention. The Federal Rules of Appellate Procedure do not delineate specific standards for intervention, so courts often consider the policies embodied in Rule 24 of the Federal Rules of Civil Procedure to inform whether intervention is appropriate. *See, e.g.*, *AFL-CIO v. Scofield*, 382 U.S. 205, 216-17 n.10 (1965); *Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 779 (D.C. Cir. 1997). Under Federal Rule of Civil Procedure 24(a)(2), a timely motion for intervention must be

9

granted when the following requirements are met: (1) the applicant has an interest relating to the subject of the action; (2) disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (3) the applicant's interest would not be represented adequately by the existing parties to the suit.

First, the "subject of the action" is the Exemptive Order, which involves the Cboe Exchanges' regulatory obligations to enforce the requirement that Industry Members report data related to NIA Electronic RFQ Responses and, based on Citadel's arguments, whether the Cboe Exchanges (along with the other Participants) will be able to recoup certain historical costs related to the creation and implementation of the CAT. The Cboe Exchanges have a clear interest relating to the recoupment of the amounts that they have advanced to fund CAT costs. The Cboe Exchanges also have an interest in ensuring that CAT is adequately funded, which will facilitate the Cboe Exchanges' ability to satisfy their regulatory obligations in their role as self-regulatory organizations and Participants in the CAT NMS Plan.

Furthermore, CAT LLC's ability to make payments on the promissory notes that it has entered into with the Cboe Exchanges and the other Participants, and the Cboe Exchanges and the other Participants ability to recoup on the funding that they provided, is tied to Citadel's Petition to Review the Exemptive Order. *Chiles v.*

10

*Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989) ("Where a party seeking to intervene in an action claims an interest in the very property and very transaction that is the subject of the main action," the potential effects "may supply the practical disadvantage which warrants intervention as of right.").  Indeed, if Citadel's appeal is successful, the continued ability of the Cboe Exchanges to fund the CAT is questionable given the lack of clarity as to when CAT LLC will actually begin making payments on the existing promissory notes.

Second, and closely related, "disposing of the action may as a practical matter impair or impede [the Cboe Exchanges'] ability to protect its interest" because this appeal may be the Cboe Exchanges' only opportunity to refute Petitioners' arguments and thereby support the Commission's Exemptive Order.

Third, no other party can adequately represent the Cboe Exchanges' interests in this matter.  "The requirement of [Rule 24] is satisfied if the [movant] shows that representation of [its] interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *see also Berger v. North Carolina State Conference of the NAACP*, 597 U.S. 179, 195 (2022) (the inadequacy of representation requirement "present[s] proposed intervenors with only a minimal challenge"); *Stone v. First Union Corp.*, 371 F.3d 1305, 1311 (11th Cir. 2004) (proposed-intervenor "need only show that current [parties'] representation 'may be inadequate,'" and "the burden for

11

making such a showing is minimal"); *Huff v. Comm'r of IRS*, 743 F.3d 790, 800–01 (11th Cir. 2014); *Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1259 (11th Cir. 2002); *Dimond v. District of Columbia*, 792 F.2d 179, 192–93 (D.C. Cir. 1986).

The Commission's interest in this action is distinct and separate from that of the Cboe Exchanges.  While a government agency has a duty to represent the public interest, a private party benefitting from the agency's action may have a "narrower interest" than the public itself, and therefore, representation of that narrow interest by the government agency is not adequate to preclude intervention.  *Trbovich*, 404 U.S. at 538; *see also Fund for Animals v. Norton*, 322 F.3d 728, 736–37 (D.C. Cir. 2003) (holding that, often, "governmental entities do not adequately represent the interests of aspiring intervenors").  Because the Cboe Exchanges' interests in this case are different than the Commission's, the Cboe Exchanges are in a position to present different arguments than the Commission, or present arguments in a substantially different manner, thus offering a crucial perspective as a vigorous and helpful supplement to the Commission's defense of its Exemptive Order.[4]

---

[4] Likewise, CAT LLC's interest, to the extent that it moves for and is granted leave to intervene in this action, is distinct and separate from that of the Cboe Exchanges. The Cboe Exchanges have a unique interest in ensuring that their ability to recoup their substantial expenditures is maintained.  In addition, the Cboe Exchanges also have regulatory interests and obligations, distinct from CAT LLC's interests, given that self-regulatory organizations, like the Cboe Exchanges, have a "prominent role

12

This Court and other circuits thus routinely permit private parties to intervene in appeals from administrative agency actions when the party is the proponent or subject of the agency action under review. *See, e.g.*, *Autauga Cnty. Emergency Mgmt. Commc'n Dist. v. FCC*, 17 F.4th 88, 98 (11th Cir. 2021); *Ala. Envtl. Council v. Adm'r, U.S. EPA*, 711 F.3d 1277, 1284, 1292 (11th Cir. 2013) (authorizing Alabama Power to intervene in appeal of approval order benefiting Alabama Power); *All. for Fair Bd. Recruitment v. SEC*, 85 F.4th 226, 239 (5th Cir. 2023) (authorizing Nasdaq Stock Market LLC to intervene in appeal to defend SEC approval of rules proposed by Nasdaq), *vacated on grant of reh'g en banc*, No. 21-60626, 2024 WL 670403 (5th Cir. Feb. 19, 2024); *Cboe Futures Exch., LLC v. SEC*, 77 F.4th 971, 976 (D.C. Cir. 2023) (authorizing MGEX, a futures market participant, to intervene in appeal concerning exemptive order exempting MGEX from certain regulatory requirements); *Bloomberg L.P. v. SEC*, 45 F.4th 462, 465 (D.C. Cir. 2022).

In addition to satisfying the requirements for leave to intervene as of right, the Cboe Exchanges also satisfy the requirements for permissive intervention. Even when a party cannot satisfy the requirements for mandatory intervention, courts may still permit a party to intervene if the intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). For

---

in the administration and enforcement of federal securities law." *Turbeville v. Financial Industry Regulatory Authority*, 874 F.3d 1268, 1270 (11th Cir. 2017).

the same reasons that mandatory intervention is appropriate, the Cboe Exchanges also satisfy the standard for permissive intervention.

Finally, this Court has held that an intervenor need not show Article III standing separate from meeting the requirements of Federal Rule of Civil Procedure 24. *See Chiles,* 865 F.2d at 1213 ("We therefore hold that a party seeking to intervene need not demonstrate that he has standing in addition to meeting the requirements of Rule 24 as long as there exists a justiciable case and controversy between the parties already in the lawsuit").  Even if a separate showing on Article III standing were required, however, the Cboe Exchanges have standing because a decision on the merits of this appeal will have a direct economic and regulatory impact on the Cboe Exchanges.  *See, e.g., Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 317 (D.C. Cir. 2015) ("Our cases have generally found a sufficient injury in fact where a party benefits from agency action, the action is then challenged in court, and an unfavorable decision would remove the party's benefit.").

## CONCLUSION

For the foregoing reasons, the Cboe Exchanges respectfully request that this Court grant their Motion for Leave to Intervene, either as a matter of right or by permission, in support of the Commission.

Dated: August 15, 2024                    Respectfully submitted,

*/s/ Paul E. Greenwalt III*

Paul E. Greenwalt III
Michael K. Molzberger
ARENTFOX SCHIFF LLP
233 S. Wacker Dr., Suite 7100
Chicago, IL 60606
(312) 258-5702
paul.greenwalt@afslaw.com
michael.molzberger@afslaw.com

J. Maxwell Heckendorn
ARENTFOX SCHIFF LLP
1301 Avenue of the Americas,
42nd Floor
New York, NY 10019
max.heckendorn@afslaw.com

*Counsel for Proposed Intervenors Cboe*
*BYX Exchange, Inc., Cboe BZX*
*Exchange, Inc., Cboe C2 Exchange, Inc.*
*Cboe EDGA Exchange, Inc., Cboe*
*EDGX Exchange, Inc., and Cboe*
*Exchange, Inc.*

## CERTIFICATE OF CONFERENCE

I certify that counsel for the Cboe Exchanges conferred with counsel for all parties. Petitioner and Respondent do not oppose this motion.

*/s/ Paul E. Greenwalt III*
Paul E. Greenwalt III

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

I certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 3,436 words, excluding the parts exempted under Rule 32(f).

I further certify that this motion complies with the typeface requirements set forth in Federal Rule of Appellate Procedure 27(d)(1)(E) and with the type-style requirements set forth in Federal Rule of Appellate Procedure 32(a)(5) and 32(a)(6) because this motion was prepared in 14-point Times New Roman, a proportionally spaced typeface, using Microsoft Word.

Dated: August 15, 2024

*/s/ Paul E. Greenwalt III*
Paul E. Greenwalt III