**No. 24-12300**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

_____

CITADEL SECURITIES LLC,
Petitioner,

v.

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,
Respondent.

_____

ON PETITION FOR REVIEW OF A DECISION OF THE U.S. SECURITIES
AND EXCHANGE COMMISSION, AGENCY NO. 45715

_____

**UNOPPOSED MOTION FOR LEAVE TO INTERVENE BY
THE NASDAQ STOCK MARKET LLC, NASDAQ BX, INC.,
NASDAQ GEMX, LLC, NASDAQ ISE, LLC, NASDAQ MRX,
LLC, AND NASDAQ PHLX LLC**

_____

Stephen J. Kastenberg
Paul Lantieri III
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
215.665.8500

_Counsel for Proposed Intervenors The
Nasdaq Stock Market LLC, Nasdaq BX,
Inc., Nasdaq GEMX, LLC, Nasdaq ISE,
LLC, Nasdaq MRX, LLC, and Nasdaq
PHLX LLC_

*Citadel Securities LLC v. United States Securities and Exchange Commission*, No. 24-12300

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-1, Movants The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC provide the following certificate of interested persons.

The undersigned counsel of record certify that the following listed persons and entities as described in Eleventh Circuit Rule 26.1-2 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. **Ballard Spahr LLP**, counsel for Movants The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC

2. **Barbero, Megan**, counsel for Respondent United States Securities and Exchange Commission

3. **Borse Dubai Limited**, owner of more than 10% of Nasdaq, Inc.'s shares

4. **BOX Exchange LLC**, subject to the challenged order as a member and participant of CAT LLC

5. **Cboe BYX Exchange, Inc.**, subject to the challenged order as a member and participant of CAT LLC

6. **Cboe BZX Exchange, Inc.**, subject to the challenged order as a member and participant of CAT LLC

7.    **Cboe C2 Exchange, Inc.**, subject to the challenged order as a member and participant of CAT LLC

8.    **Cboe EDGA Exchange, Inc.**, subject to the challenged order as a member and participant of CAT LLC

9.    **Cboe EDGX Exchange, Inc.**, subject to the challenged order as a member and participant of CAT LLC

10.    **Cboe Exchange, Inc.**, subject to the challenged order as a member and participant of CAT LLC

11.    **Cboe Global Markets, Inc. (BATS: CBOE)**, direct or indirect parent company of Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Inc., and Cboe Exchange, Inc.

12.    **Citadel Securities GP LLC**, parent company of Petitioner Citadel Securities LLC

13.    **Citadel Securities LLC**, Petitioner

14.    **Conley, Michael A.**, counsel for Respondent United States Securities and Exchange Commission

15.    **Consolidated Audit Trail, LLC**, a jointly owned limited liability company formed under Delaware state law through which the participants conduct the activities of the CAT NMS Plan

16.    **Financial Industry Regulatory Authority, Inc.**, subject to the challenged order as a member and participant of CAT LLC

17.    **Francisco, Noel J.**, Jones Day, counsel for Petitioner Citadel Securities LLC

18.    **Hardin, Tracey A.**, counsel for Respondent United States Securities and Exchange Commission

19.    **Hoyt, Joshua T.**, Jones Day, counsel for Petitioner Citadel Securities LLC

20.    **Intercontinental Exchange, Inc. (NYSE: ICE)**, indirect parent of New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE Chicago, Inc., and NYSE National, Inc.

*Citadel Securities LLC v. United States Securities and Exchange Commission*, No. 24-12300

21. **International Securities Exchange Holdings, Inc.**, sole LLC member of Nasdaq GEMX LLC, Nasdaq ISE LLC, and Nasdaq MRX LLC

22. **Investor AB (Nasdaq Stockholm: INVEB)**, owner of more than 10% of Nasdaq, Inc.'s shares

23. **Investors' Exchange, LLC**, subject to the challenged order as a member and participant of CAT LLC

24. **Jones Day**, counsel for Petitioner Citadel Securities LLC

25. **Kastenberg, Stephen J.**, Ballard Spahr LLP, counsel for Movants The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC

26. **Lantieri, Paul**, Ballard Spahr LLP, counsel for Movants The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC

27. **Long-Term Stock Exchange, Inc.**, subject to the challenged order as a member and participant of CAT LLC

28. **Lucas, Brinton**, Jones Day, counsel for Petitioner Citadel Securities LLC

29. **Matro, Daniel E.**, counsel for Respondent United States Securities and Exchange Commission

30. **MEMX LLC**, subject to the challenged order as a member and participant of CAT LLC

31. **Miami International Securities Exchange LLC**, subject to the challenged order as a member and participant of CAT LLC

32. **MIAX Emerald, LLC**, subject to the challenged order as a member and participant of CAT LLC

33. **MIAX PEARL, LLC**, subject to the challenged order as a member and participant of CAT LLC

34. **MIAX Sapphire, LLC**, subject to the challenged order as a member and participant of CAT LLC

35. **Nasdaq BX, Inc.**, Movant

36. **Nasdaq GEMX, LLC**, Movant

37. **Nasdaq, Inc. (Nasdaq: NDAQ)**, sole owner of LLC interest in The Nasdaq Stock Market LLC and Nasdaq PHLX LLC and parent company of Nasdaq BX, Inc.

38. **Nasdaq ISE, LLC**, Movant

39. **Nasdaq MRX, LLC**, Movant

40. **Nasdaq PHLX LLC**, Movant

41. **New York Stock Exchange LLC**, subject to the challenged order as a member and participant of CAT LLC

42. **NYSE American LLC**, subject to the challenged order as a member and participant of CAT LLC

43. **NYSE Arca, Inc.**, subject to the challenged order as a member and participant of CAT LLC

44. **NYSE Chicago, Inc.**, subject to the challenged order as a member and participant of CAT LLC

45. **NYSE National, Inc.**, subject to the challenged order as a member and participant of CAT LLC

46. **Rabbitt, Brian C.**, Jones Day, counsel for Petitioner Citadel Securities LLC

47. **Roth, Yaakov M.**, Jones Day, counsel for Petitioner Citadel Securities LLC

48. **The Nasdaq Stock Market LLC**, Movant

49. **The Vanguard Group, Inc.**, owner of 10% or more of Cboe Global Markets, Inc.'s common stock as of June 30, 2023

50. **Thoma Bravo UGP, LLC**, owner of more than 10% of Nasdaq, Inc.'s shares

51. **United States Securities and Exchange Commission**, Respondent

*Citadel Securities LLC v. United States Securities and Exchange Commission*, No. 24-12300

No publicly traded company or corporation, other than those identified above or in the certificates of interested persons filed by Petitioner on July 17 and 19, 2024; by Respondent on August 12, 2024; and by Movants on August 14, 2024, has an interest in the outcome of this case. Movants will file an amended certificate of interested persons should they become aware of a change in interests that would affect the disclosures as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-4.

Date:  August 16, 2023

*/s/ Stephen J. Kastenberg*

Stephen J. Kastenberg
Paul Lantieri III
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.665.8500
Facsimile: 215.864.8999
kastenberg@ballardspahr.com
lantierip@ballardspahr.com

*Counsel for The Nasdaq Stock Market LLC,
Nasdaq BX, Inc., Nasdaq GEMX, LLC,
Nasdaq ISE, LLC, Nasdaq MRX, LLC, and
Nasdaq PHLX LLC*

The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC (collectively, "Nasdaq" or the "Nasdaq Entities"), respectfully request leave to intervene in support of Respondent, the United States Securities and Exchange Commission (the "Commission"), pursuant to Federal Rule of Appellate Procedure 15(d). The Parties have advised that they do not oppose Nasdaq's motion. Nasdaq easily satisfies the standard for intervention because it has a direct and substantial interest in this case, which involves the Commission's order (the "Exemptive Order") granting self-regulatory organizations a temporary conditional exemption from imposing certain reporting requirements on broker-dealers (or "Industry Members") under the National Market System Plan Governing the Consolidated Audit Trail (the "CAT NMS Plan"). The Eleventh Circuit recently granted Nasdaq's motion to intervene in a separate challenge, brought by the same Petitioner, to a Commission order approving amendments to the CAT NMS Plan after Nasdaq demonstrated that it had a unique interest in litigation concerning the Plan, which is applicable to the millions of transactions that occur daily on Nasdaq's exchanges. Nasdaq has the same interests and should likewise be permitted to intervene here.

## BACKGROUND

The Nasdaq Entities are private, self-regulatory organizations registered as national securities exchanges with the Commission. 15 U.S.C. § 78f. Along with

other self-regulatory organizations, the Nasdaq Entities participate in the CAT NMS Plan (termed "Participants" in the CAT NMS Plan and Exemptive Order). The purpose of the CAT NMS Plan is to create, implement, and maintain a consolidated audit trail ("CAT") to capture customer and order event information for orders in national market system securities.

## I.    Nasdaq Was Granted Leave to Intervene in Petitioner's Still-Pending Prior Proceeding Seeking Review of the Commission's Approval of the CAT Funding Model

The Commission approved the CAT NMS Plan in 2016. Joint Industry Plan; Ord. Approving the Nat'l Mkt. Sys. Plan Governing the Consolidated Audit Trail, Exchange Act Release No. 79,318 (Nov. 15, 2016), 81 Fed. Reg. 84,696 (Nov. 23, 2016). Since 2012, Participants, including Nasdaq, have paid all costs associated with building and operating the CAT—totaling upwards of $700 million. Joint Industry Plan; Ord. Approving an Amendment to the Nat'l Mkt. Sys. Plan Governing the Consolidated Audit Trail, Exchange Act Release No. 98,290 (Sep. 6, 2023), 88 Fed. Reg. 62,628, 62,662 n.749 (Sep. 12, 2023). From the beginning, however, the CAT NMS Plan contemplated that Industry Members would eventually share in both historical and future costs. 81 Fed. Reg. at 84,795.

Accordingly, the CAT NMS Plan has been amended from time to time pursuant to the Commission's and self-regulatory organizations' authority under the Securities Exchange Act of 1934 and corresponding regulations. In May 2020, the

Commission approved an amendment establishing certain financial accountability milestones ("FAMs") to ensure that Participants timely developed and implemented the CAT NMS Plan reporting requirements. *See* Amendments to the Nat'l Mkt. Sys. Plan Governing the Consolidated Audit Trail, Exchange Act Release No. 88,890 (May 15, 2020), 85 Fed. Reg. 31,322 (May 22, 2020). This amendment limited Participants' ability to recover CAT-related costs from Industry Members should the CAT not achieve FAM benchmarks by specified dates. For example, if Participants did not meet the deadline for "Period 1" reporting requirements, their recovery of post-amendment fees from Industry Members would be reduced by an increasing percentage based on the amount of time between the deadline and Participants' actual achievement of the FAM, beginning with a 25% reduction for missing the deadline by less than 45 days, up to a 100% reduction for missing the deadline by more than 135 days. *Id.* at 31,331.

In September 2023, the Commission approved an amendment providing for the equitable allocation of CAT costs among Participants and Industry Members. 88 Fed. Reg. 62,628. This funding amendment is the subject of a separate petition for review brought before this Court by Citadel—the Petitioner here—and another petitioner. *See* Pet. for Review, ECF No. 1-2, *Am. Sec. Ass'n, et al. v. U.S. Sec. and Exch. Comm'n*, No. 23-13396 (11th Cir. Feb. 8, 2024). In that proceeding, Petitioner challenges the funding model approved by the Commission and argues that the

creation and continued existence of the CAT itself exceed the Commission's delegated authority. Pet'rs' Opening Br., ECF No. 49, at 13–24, *Am. Sec. Ass'n, et al.* (Feb. 8, 2024).

On November 16, 2023, Nasdaq moved for leave to intervene in that action, based on its direct, substantial, legally protectable interest in litigation concerning its legal obligations under the CAT NMS Plan, and the inability of the petitioners and the Commission to adequately represent Nasdaq's interests. *See* Nasdaq Mot. for Leave to Intervene, ECF No. 28, at 5, 7–9, *Am. Sec. Ass'n, et al.* The Court granted Nasdaq's motion over the petitioners' opposition on January 17, 2024. Ord., ECF No. 48-2, *Am. Sec. Ass'n, et al.*

## II.  The Commission's Exemptive Order Temporarily Exempts the Reporting of Certain Quotation Data

The Exemptive Order provides the Participants a temporary exemption from requiring that Industry Members report a certain subset of quotation data under the CAT NMS Plan. Under Section 6.4(d) of the CAT NMS Plan, Nasdaq and other Participants must require their Industry Members to record and electronically report to the CAT a bid/offer in response to a request for quote ("RFQ") or other form of solicitation response that is not "immediately actionable" (*i.e.*, further action is required by the responder providing the RFQ or solicitation response in order to

execute a trade) ("RFQ Responses"). CAT NMS Plan § 6.4(d); *see also id.* App'x D.

Section 36(a)(2) of the Exchange Act and Rule 608(e) of Regulation NMS permit the Commission to exempt self-regulatory organizations from CAT NMS Plan requirements "if the Commission determines that such exemption is consistent with the public interest, the protection of investors, the maintenance of fair and orderly markets and the removal of impediments to, and perfection of the mechanisms of, a national market system." 17 C.F.R. § 242.608(e); *accord* 15 U.S.C. §78mm(a)(1).

On February 13, 2024, Consolidated Audit Trail, LLC ("CAT LLC"),[1] on behalf of Participants, requested from the Commission an exemption from the RFQ Responses reporting requirements until July 31, 2026 (the "Exemption Request"). Letter from CAT LLC to Vanessa Countryman, Secretary, Commission (Feb. 13, 2024). CAT LLC explained that the exemption would provide the Participants and the CAT NMS Plan Processor the time to develop and implement any necessary reporting guidance, specifications, and technical changes to the CAT. *Id.* at 5. Further, CAT LLC explained that the exemption would provide CAT Reporters— including Petitioner—the time to fully consider and implement the necessary

---

[1]    CAT LLC was created to conduct activities related to the CAT and is jointly owned by the Participants.

technological and process changes required to capture and report RFQ Responses.
*Id.*

On May 20, 2024, the Commission granted the Exemption Request. Ord.
Granting a Temp. Conditional Exemption Relating to the Reporting of Responses to
Requests for Quotes and Other Solicitation Responses Provided in a Standard
Electronic Format, Exchange Act Release No. 100,181 (May 20, 2024), 89 Fed. Reg.
45,715 (May 23, 2024). As a condition of this relief, the Commission ordered
Participants to provide the Commission a written implementation plan (1)
identifying workflows to facilitate the reporting of RFQ Responses, and (2)
providing technical specifications to allow for the reporting of RFQ Responses by
Industry Members, by July 31, 2025. *Id.* at 45,716–17.

## III.    Petitioner Now Seeks Review of the Commission's Exemptive Order

Petitioner filed its petition for review of the Exemptive Order on July 17, 2024
(the "Petition"). On July 19, Petitioner moved to hold its Petition in abeyance
pending the outcome of its pending prior proceeding. In that motion, Petitioner
asserted that it is challenging the Exemptive Order because it believes Participants
"are now free to pass through hundreds of millions of dollars in CAT costs to broker-
dealers" relating to the RFQ Responses, allegedly in violation of FAMs previously

imposed by the Commission.[2] *See* Unopposed Mot. to Hold Pet. in Abeyance, ECF No. 11, at 4–5. Petitioner acknowledged that "[t]his Court . . . need not and should not address the validity of the Exemptive Order at this time" because a "[d]ecision in that case may substantially affect, if not entirely moot, this petition." *Id.* at 2, 6.

This Court granted Petitioner's motion on August 1, 2024, staying "[t]his appeal . . . until a decision is issued in *American Securities Association v. SEC*[.]" Ord., ECF No. 16.

## ARGUMENT

Federal Rule of Appellate Procedure 15(d) permits "a person who wants to intervene" in a proceeding to review an agency order to do so within thirty days after the petition for review is filed. Rule 15 does not address how a stay affects this deadline. Thus, to protect its interests, Nasdaq now seeks leave to intervene in support of the Commission. Nasdaq meets the standard for intervention as of right

---

[2]  This argument lacks merit. In fact, it is Industry Members—like Petitioner—not Participants, that are required to report the RFQ Response data at issue in the Exemptive Order. The Participants' role is to ensure that the Industry Members comply with their reporting obligations. *See* CAT NMS Plan § 6.4(d)(i) ("[E]ach Participant shall, through its Compliance Rule, require Industry Members to record and electronically report to the Central Repository for each order and each Reportable Event the information referred to in Section 6.3(d), as applicable.").

under Rule 24(a) of the Federal Rules of Civil Procedure, or in the alternative, permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure.[3]

## I.    Nasdaq Easily Satisfies the Standard for Intervention as of Right

A proposed intervenor as of right must show that "(1) it timely applied; (2) it has an interest relating to the property or transaction that is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) its interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (cleaned up). Nasdaq satisfies all four requirements, and is therefore entitled to intervene as of right.

*First*, intervention is timely. This motion was filed within thirty days of the Petition. *See* Fed. R. App. P. 15(d). Further, Nasdaq intervening at this time does not prejudice any party; Nasdaq would be prejudiced by the denial of its motion to intervene; and there are no unusual circumstances militating against a finding of timeliness. *See Chiles*, 865 F. 2d at 1213 (listing the relevant timeliness factors).

---

[3]    Rule 15(d) of the Federal Rules of Appellate Procedure does not provide a standard governing intervention, so Courts applying the rule have turned for guidance to Rule 24 of the Federal Rules of Civil Procedure, governing intervention in district courts. *See, e.g.*, *Dayton Power & Light Co. v. FERC*, Nos. 21-4072, 22-3351, 23-3196/3324/3366/3417, 2023 U.S. App. LEXIS 20757, at *7–8 (6th Cir. Aug. 9, 2023).

*Second*, Nasdaq has the requisite "direct, substantial, legally protectable interest" in this proceeding. *See id.* Like the Commission's order approving the equitable allocation of fees, the Exemptive Order concerns the fees and costs for which Nasdaq has been, and will be, responsible. Further, the Exemptive Order concerns Participants' obligation to require their Industry Members to report RFQ Responses to the CAT, which Nasdaq will be responsible for monitoring and supporting with adequate technology, processes, and protocols. Therefore, the outcome of this Court's review will determine Nasdaq's legal obligations under the CAT NMS Plan. Moreover, courts routinely allow Nasdaq to intervene when, as here, a petitioner seeks review of Commission action that fundamentally impacts Nasdaq's obligations and the functioning of the exchanges it operates.[4] Indeed, the *American Securities* Court has already found that such an interest warranted

---

[4]     *See, e.g.*, Order, *All. for Fair Bd. Recruitment v. U.S. Sec. Exch. Comm'n*, No. 21-60626 (5th Cir. Sep. 8, 2021) (granting Nasdaq's motion to intervene to defend Commission approval of rules proposed by The Nasdaq Stock Market LLC); Order, *Chicago Bd. Options Exch., Inc. v. U.S. Sec. Exch. Comm'n*, No. 16-3423 (7th Cir. Oct. 14, 2016) (granting Nasdaq's motion to intervene in a matter relating to marketing fees that exchanges charged to market makers); Order, *Sec. Indus. & Fin. Mkts. Ass'n v. U.S. Sec. Exch. Comm'n*, No. 09-1045 (D.C. Cir. Mar. 20, 2009) (granting Nasdaq's and NYSE Arca, Inc.'s motions to intervene to defend a rule proposed by NYSE Arca, Inc., relating to fees charged for market data); Order, *Domestic Sec., Inc. v. U.S. Sec. Exch. Comm'n*, No. 02-1308 (D.C. Cir. Nov. 8, 2002) (granting Nasdaq's motion to intervene to defend a rule proposed by Nasdaq to implement a new trade execution system and a rule proposed by NASD governing the establishment and operation of an alternative display facility).

Nasdaq's intervention in that closely related proceeding, which likewise implicates Nasdaq's interest in litigation concerning the CAT and its funding.

*Third*, and relatedly, were this Court to reverse or modify the Exemptive Order—Nasdaq believes it should not—Nasdaq will, as a practical matter, be unable to protect its interests in developing, implementing, maintaining, and recouping costs associated with the infrastructure necessary to meet the RFQ Response reporting requirements. Though this action is stayed pending the resolution of *American Securities*, Nasdaq's work to consider, develop, and implement the technology and processes required to meet Section 6.4(d)'s reporting requirements is ongoing, and Nasdaq is concurrently developing the Exemptive Order's required implementation plan.

Further, the CAT NMS Plan's reporting requirements help Participants and the Commission identify irregular trading, and the allocation of CAT costs is essential to maintaining the CAT itself. If Nasdaq is not permitted to intervene, it would be unable to participate in litigation that fundamentally affects its day-to-day operations and discharge of its regulatory duties delegated by the Exchange Act. And as Nasdaq demonstrated in its motion for intervention in *American Securities*, it is essential that Nasdaq be part of any litigation that threatens the continued funding and functioning of the CAT, as required by the CAT NMS Plan and lawful Commission orders. *See generally* Nasdaq Mot. for Leave to Intervene, ECF No. 28,

10

*Am. Sec. Ass'n, et al.* (11th Cir. Nov. 16, 2023). That is precisely what Petitioner describes as being at stake in this proceeding. *See* Unopposed Mot. to Hold Pet. in Abeyance, ECF No. 11, at 1 ("While [the challenge to the funding model] was ongoing, . . . the SEC adopted the [Exemptive Order], which relates to a different aspect of the CAT's complex funding regime. . . . Faced with this revived contingent liability while their separate challenge to the Funding Order (and the CAT as a whole) was still pending, Citadel Securities had no choice but to file this protective petition for review of the Exemptive Order as well.").

*Finally*, no existing party adequately represents Nasdaq's interests. Nasdaq has its own unique interest in the outcome of this proceeding, separate and distinct from the other parties. Petitioner represents the interests of the broker-dealers who seek to overturn the Exemptive Order for purely economic reasons, and so "possess interests inimical to" Nasdaq's. *See Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).

The Commission represents the interests of the government in, among other things, upholding its authority to make rules and exempt Participants from certain reporting requirements under the CAT NMS Plan. *See Georgia v. United States Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) ("[A]greement on [the] conclusion does not mean that [an existing party] and [a potential intervenor] have identical positions or interests."); *see also Meek v. Metropolitan Dade County.*, 985

11

F.2d 1471, 1478 (11th Cir. 1993) (finding inadequate representation because existing government party had to consider interests broader than movants', including "the overall fairness of the . . . system to be employed in the future, the expense of litigation to defend the existing system, and the social and political divisiveness of the . . . issue"). As a market operator, and as a national securities exchange approved by the Commission under Section 6(b) of the Exchange Act with its own regulatory obligations, Nasdaq's interests will be impaired by a successful challenge to the Exemptive Order, and these interests are distinct from the Commission's interests in upholding its authority. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 539 (1972) (finding that a private party benefiting from a government agency's action may have a "narrower interest" than the public interest represented by the government agency); *see also Fund for Animals v. Norton*, 322 F.3d 728, 736–37 (D.C. Cir. 2003) (holding that, often, "governmental entities do not adequately represent the interests of aspiring intervenors").

In sum, Nasdaq satisfies all requirements for intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure.

## II.     Alternatively, Nasdaq Should be Granted Permissive Intervention.

In the alternative, this Court should permit permissive intervention. Under Federal Rule of Civil Procedure 24(b), permissive intervention may be granted when the applicant's "claim or defense and the main action have a question of law or fact

in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Georgia*, 302 F.3d at 1250 (citing *Walker v. Jim Dandy Co.*, 747 F.2d 1360, 1365 (11th Cir. 1984)). That standard, too, is easily satisfied here. The factual grounds and legal arguments that the Commission raised to support its issuance of the Exemptive Order, which are likely to be at issue in this case, are common with Nasdaq's own understanding of the relevant issues of fact and law. Nasdaq's intervention in this matter will not unduly prejudice or delay the adjudication of the rights of Petitioner or the Commission. Intervention "will not make the case substantially more complex," *United States v. Travelers Cas. & Sur. Co.*, No. 3:21-cv-614-MMH-JRK, 2021 U.S. Dist. LEXIS 218873, at *14 (M.D. Fla. Nov. 12, 2021), nor result in any procedural delay, as this case has been stayed, so no briefing schedule has been set. Should the stay be lifted, Nasdaq intends to participate in the briefing and argument on the same schedule as the parties. *See Georgia*, 302 F.3d at 1259–60 (finding no prejudice to existing parties where intervention "did not delay the proceedings and the court had yet to take significant action").

## CONCLUSION

The Court should grant Nasdaq's unopposed motion for leave to intervene either as a matter of right or by permission.

Date: August 16, 2023

/s/ Stephen J. Kastenberg
Stephen J. Kastenberg
Paul Lantieri III
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.665.8500
Facsimile: 215.864.8999
kastenberg@ballardspahr.com
lantierip@ballardspahr.com

*Counsel for The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC*

**CERTIFICATE OF SERVICE**

I certify that on August 16, 2023, I electronically filed the foregoing with the United States Court of Appeals for the Eleventh Circuit through the Court's CM/ECF system. Parties represented by registered CM/ECF users will be served by the CM/ECF system.

*/s/ Stephen J. Kastenberg*
Stephen J. Kastenberg

**CERTIFICATE OF CONFERENCE**

I certify that counsel for Nasdaq conferred with counsel for all parties. No parties oppose the relief sought by this motion.

*/s/ Stephen J. Kastenberg*
Stephen J. Kastenberg

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

Pursuant to Federal Rule of Appellate Procedure Rule 32(g)(1), I certify that this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d)(1) because this motion was prepared in 14-point Times New Roman, a proportionally-spaced typeface, using Microsoft Word 2016. *See also* Fed. R. App. P. 32(a)(5)–(6). This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 3,087 words,

excluding the parts exempted under Rule 32(f). As permitted by Federal Rule of Appellate Procedure 32(g)(1), the undersigned has relied upon the word count feature of Microsoft Word 2016 in preparing this certificate.

I further certify that: (1) all required privacy redactions have been made, (2) the electronic submission is an exact copy of any corresponding paper document, and (3) the motion has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

*/s/ Stephen J. Kastenberg*
Stephen J. Kastenberg