**No. 24-12300**

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

CITADEL SECURITIES LLC,

*Petitioner*,

v.

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

*Respondent*,

CBOE BYX EXCHANGE, INC., ET AL., AND
CONSOLIDATED AUDIT TRAIL, LLC,

*Intervenors.*

Petition for Review of an Order of
the Securities and Exchange Commission
Release No. 34-100181

## UNOPPOSED JOINT MOTION TO CONTINUE
## HOLDING PETITION IN ABEYANCE

Daniel Matro
U.S. SECURITIES & EXCHANGE
COMMISSION
100 F Street NE
Washington, DC 20549
(202) 551-8248
matrod@sec.gov

*Counsel for Respondent*

Noel J. Francisco
Brian C. Rabbitt
Brinton Lucas
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
(202) 879-3939
njfrancisco@jonesday.com

David Phillips
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121
(858) 314-1200

*Counsel for Petitioner*

*Citadel Securities LLC v. United States Securities and Exchange Commission*, No. 24-12300

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-1 through 26.1-3, Petitioner Citadel Securities LLC and Respondent U.S. Securities and Exchange Commission provide the following certificate of interested persons:

The undersigned counsel of record certify that the following listed persons and entities as described in 11th Circuit Rule 26.1-2 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. **24X National Exchange**, plan participant of Intervenor Consolidated Audit Trail, LLC.

2. **ArentFox Schiff LLP**, counsel for Intervenors Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc.

3. **Ballard Spahr LLP**, counsel for Intervenors Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, Nasdaq PHLX LLC, and The Nasdaq Stock Market LLC.

4. **Barbero, Megan**, counsel for Respondent United States Securities and Exchange Commission.

5. **Borse Dubai Limited**, owner of 10% or greater interest in Nasdaq, Inc.

6. **BOX Exchange LLC**, plan participant of Intervenor Consolidated Audit Trail, LLC.

*Citadel Securities LLC v. U.S. Securities and Exchange Commission*, No. 24-12300

7. **Boyle, Gregory M.**, Jenner & Block LLP, counsel for Intervenor Consolidated Audit Trail.

8. **Cboe BYX Exchange, Inc.**, Intervenor and plan participant of Intervenor Consolidated Audit Trail, LLC.

9. **Cboe BZX Exchange, Inc.**, Intervenor and plan participant of Intervenor Consolidated Audit Trail, LLC.

10. **Cboe C2 Exchange, Inc.**, Intervenor and plan participant of Intervenor Consolidated Audit Trail, LLC.

11. **Cboe EDGA Exchange, Inc.**, Intervenor and plan participant of Intervenor Consolidated Audit Trail, LLC.

12. **Cboe EDGX Exchange, Inc.**, Intervenor and plan participant of Intervenor Consolidated Audit Trail, LLC.

13. **Cboe Exchange, Inc.**, Intervenor and plan participant of Intervenor Consolidated Audit Trail, LLC.

14. **Cboe Global Markets, Inc.** (BATS: CBOE), indirect owner of 10% or greater interest in Intervenor Consolidated Audit Trail, LLC, and direct or indirect parent company of Intervenors Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc.

15. **Citadel Securities GP LLC**, parent company of Petitioner Citadel Securities LLC.

16. **Citadel Securities LLC**, Petitioner.

17. **Conley, Michael A.**, counsel for Respondent United States Securities and Exchange Commission.

18. **Consolidated Audit Trail, LLC**, Intervenor.

19. **Deutsch, Elizabeth B.**, Jenner & Block LLP, counsel for Intervenor Consolidated Audit Trail, LLC.

20. **Financial Industry Regulatory Authority, Inc.**, plan participant of Intervenor Consolidated Audit Trail, LLC.

*Citadel Securities LLC v. U.S. Securities and Exchange Commission*, No. 24-12300

21. **Francisco, Noel J.**, Jones Day, counsel for Petitioner Citadel Securities LLC.

22. **Gershengorn, Ian Heath**, Jenner & Block LLP, counsel for Intervenor Consolidated Audit Trail, LLC.

23. **Greenwalt, Paul E. III**, ArentFox Schiff LLP, counsel for Intervenors Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc.

24. **Hardin, Tracey A.**, counsel for Respondent United States Securities and Exchange Commission.

25. **Heckendorn, J. Maxwell**, counsel for Intervenors Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc.

26. **Intercontinental Exchange, Inc.** (NYSE: ICE), indirect owner of 10% or greater interest in Intervenor Consolidated Audit Trail, LLC, and indirect parent company of New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE Chicago, Inc., and NYSE National, Inc.

27. **International Securities Exchange Holdings, Inc.**, parent company of Nasdaq GEMX, LLC, Nasdaq ISE, LLC, and Nasdaq MRX, LLC.

28. **Investor AB** (Nasdaq Stockholm: INVE B), owner of 10% or greater interest in Nasdaq, Inc.

29. **Investors Exchange LLC**, plan participant of Intervenor Consolidated Audit Trail, LLC.

30. **Jenner & Block LLP**, counsel for Intervenor Consolidated Audit Trail, LLC.

31. **Jones Day**, counsel for Petitioner Citadel Securities LLC.

32. **Kastenberg, Stephen J.**, Ballard Spahr, LLP, counsel for Intervenors Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, Nasdaq PHLX LLC, and The Nasdaq Stock Market LLC.

*Citadel Securities LLC v. U.S. Securities and Exchange Commission*, No. 24-12300

33. **Lantieri, Paul III**, Ballard Spahr, LLP, counsel for Intervenors Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, Nasdaq PHLX LLC, and The Nasdaq Stock Market LLC.

34. **Long-Term Stock Exchange, Inc.**, plan participant of Intervenor Consolidated Audit Trail, LLC.

35. **Lucas, Brinton**, Jones Day, counsel for Petitioner Citadel Securities LLC.

36. **Marshall, Jonathan J.**, counsel for Intervenor Consolidated Audit Trail, LLC.

37. **Matro, Daniel E.**, counsel for Respondent United States Securities and Exchange Commission.

38. **MEMX LLC**, plan participant of Intervenor Consolidated Audit Trail, LLC.

39. **Miami International Securities Exchange LLC**, plan participant of Intervenor Consolidated Audit Trail, LLC.

40. **MIAX Emerald, LLC**, plan participant of Intervenor Consolidated Audit Trail, LLC.

41. **MIAX PEARL, LLC**, plan participant of Intervenor Consolidated Audit Trail, LLC.

42. **MIAX Sapphire, LLC**, plan participant of Intervenor Consolidated Audit Trail, LLC.

43. **Molzberger, Michael K.**, ArentFox Schiff LLP, counsel for Intervenors Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc.

44. **Nasdaq BX, Inc.**, Intervenor and plan participant of Intervenor Consolidated Audit Trail, LLC.

45. **Nasdaq GEMX, LLC**, Intervenor and plan participant of Intervenor Consolidated Audit Trail, LLC.

46. **Nasdaq, Inc.** (Nasdaq: NDAQ), parent company of Nasdaq BX, Inc., Nasdaq PHLX LLC, and The Nasdaq Stock Market LLC.

*Citadel Securities LLC v. U.S. Securities and Exchange Commission*, No. 24-12300

47. **Nasdaq ISE, LLC**, Intervenor and plan participant of Intervenor Consolidated Audit Trail, LLC.

48. **Nasdaq MRX, LLC**, Intervenor and plan participant of Intervenor Consolidated Audit Trail, LLC.

49. **Nasdaq PHLX LLC**, Intervenor and plan participant of Intervenor Consolidated Audit Trail, LLC.

50. **Nasdaq Texas**, plan participant of Intervenor Consolidated Audit Trail, LLC.

51. **New York Stock Exchange LLC**, plan participant of Intervenor Consolidated Audit Trail, LLC.

52. **NYSE American LLC**, plan participant of Intervenor Consolidated Audit Trail, LLC.

53. **NYSE Arca, Inc.**, plan participant of Intervenor Consolidated Audit Trail, LLC.

54. **NYSE Chicago, Inc.**, plan participant of Intervenor Consolidated Audit Trail, LLC.

55. **NYSE National, Inc.**, plan participant of Intervenor Consolidated Audit Trail, LLC.

56. **NYSE Texas**, plan participant of Intervenor Consolidated Audit Trail, LLC.

57. **Phillips, David**, Jones Day, counsel for Petitioner Citadel Securities LLC.

58. **Rabbitt, Brian C.**, Jones Day, counsel for Petitioner Citadel Securities LLC.

59. **The Nasdaq Stock Market LLC**, Intervenor and plan participant of Intervenor Consolidated Audit Trail, LLC.

60. **The Vanguard Group, Inc.**, owner of 10% or greater interest in Cboe Global Markets, Inc.

61. **Thoma Bravo, LP**, owner of 10% or greater interest in Nasdaq, Inc.

*Citadel Securities LLC v. U.S. Securities and Exchange Commission*, No. 24-12300

62. **Unikowsky, Adam G.**, Jenner & Block LLP, counsel for Intervenor Consolidated Audit Trail, LLC.

63. **United States Securities and Exchange Commission**, Respondent.

No publicly traded company or corporation has an interest in the outcome of the case. Petitioner and Respondent will file an amended certificate of interested persons should they become aware of a change in interests that would affect the disclosures as required by Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-4.

Dated: March 5, 2026

Respectfully submitted,

*/s/ Daniel Matro*
Daniel Matro
U.S. SECURITIES & EXCHANGE COMMISSION
100 F Street NE
Washington, DC 20549
(202) 551-8248
matrod@sec.gov

*Counsel for Respondent*

*/s/ Noel J. Francisco*
Noel J. Francisco
Brian C. Rabbitt
Brinton Lucas
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
(202) 879-3939
njfrancisco@jonesday.com

David Phillips
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121
(858) 314-1200

*Counsel for Petitioner*

*Citadel Securities LLC v. U.S. Securities and Exchange Commission*, No. 24-12300

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-2, the undersigned counsel hereby certifies that Petitioner Citadel Securities LLC is a wholly owned, indirect subsidiary of Citadel Securities GP LLC. Counsel further certifies that no publicly held corporation has a 10% or greater ownership interest in Citadel Securities GP LLC.

Dated: March 5, 2026                Respectfully submitted,

*/s/ Noel J. Francisco*
Noel J. Francisco
Brian C. Rabbitt
Brinton Lucas
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
(202) 879-3939
njfrancisco@jonesday.com

David Phillips
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121
(858) 314-1200

*Counsel for Petitioner*

C-7

# TABLE OF CONTENTS

**Page(s)**

CERTIFICATE OF INTERESTED PERSONS ........................................C-1

CORPORATE DISCLOSURE STATEMENT..........................................C-7

INTRODUCTION ...................................................................... 1

BACKGROUND .......................................................................... 2

ARGUMENT ................................................................................ 5

CONCLUSION............................................................................. 7

CERTIFICATE OF COMPLIANCE ..........................................Certificate 1

CERTIFICATE OF ELECTRONIC SUBMISSION ...................Certificate 2

CERTIFICATE OF SERVICE .....................................................Certificate 3

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*American Petroleum Inst. v. EPA*,
    683 F.3d 382 (D.C. Cir. 2012)................................................................. 5, 6

*American Securities Ass'n v. SEC*,
    147 F.4th 1264 (11th Cir. 2025) ........................................................... 1, 6

*American Securities Ass'n v. SEC*,
    No. 23-13396 (11th Cir.) ....................................................................... 1

*Citadel Securities v. CAT LLC*,
    No. 1:26-cv-134 (D.D.C. Feb. 18, 2026) ................................................. 4

*Coin Center v. U.S. Dep't of Treasury*,
    No. 23-13698 (11th Cir. 2025)................................................................ 5

*Colonial Pipeline Co. v. FERC*,
    No. 23-13831 (11th Cir. 2024)................................................................ 5

*Ctr. for Biological Diversity v. EPA*,
    56 F.4th 55 (D.C. Cir. 2022) .................................................................. 6

*Davidson v. Atkins*,
    No. 24-cv-197 (W.D. Tex. Feb. 4, 2026)................................................ 1

*Georgia v. U.S. Dep't of Energy*,
    No. 25-10161 (11th Cir. 2025)................................................................ 5

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)................................................................................ 5

*Lewis v. DOL*,
    368 F. App'x 20 (11th Cir. 2010)............................................................ 5

*Warren v. DOL*,
  No. 24-13505 (11th Cir. 2025)................................................................5

*Wheaton Coll. v. Sebelius*,
  703 F.3d 551 (D.C. Cir. 2012)..............................................................7

**STATUTES**

15 U.S.C. § 78y.....................................................................................3

**OTHER AUTHORITIES**

77 Fed. Reg. 45722 (2012)......................................................................2

81 Fed. Reg. 30614 (2015)......................................................................2

81 Fed. Reg. 84696 (2016)......................................................................2

85 Fed. Reg. 31322 (2020)......................................................................2

89 Fed. Reg. 45715 (2024)......................................................................3

90 Fed. Reg. 54438 (2025)......................................................................4

91 Fed. Reg. 2164 (2026).......................................................................4

P. Atkins, *Prepared Remarks Before SEC Speaks* (May 19, 2025)........................1

SEC, *Regulatory Agenda: Evaluating the Continued Effectiveness of the
  Consolidated Audit Trail*.....................................................................4

## INTRODUCTION

In this case, Citadel Securities LLC petitioned for review of a May 2024 order (Exemptive Order) by the U.S. Securities and Exchange Commission (Commission or SEC) granting exemptive relief from certain provisions of the National Market System (NMS) plan governing the Consolidated Audit Trail (CAT), an audit system for securities trades. In August 2024, this Court stayed this matter "until a decision [was] issued in *American Securities Association v. SEC*, No. 23-13396" (11th Cir.), a separate challenge to a separate order concerning the CAT's funding. Dkt. 16. In July 2025, the Court issued an opinion vacating that funding order as "arbitrary and capricious." *American Securities Ass'n v. SEC*, 147 F.4th 1264, 1269 (11th Cir. 2025) (*ASA*).

While both petitions were pending, the SEC's new Chairman announced that the Commission would be undertaking "a comprehensive review of the CAT." P. Atkins, *Prepared Remarks Before SEC Speaks* (May 19, 2025) (Atkins Remarks), https://tinyurl.com/4pez7he9. This ongoing review could result in material changes to the CAT that bear directly on the issues this Court will have to decide in this matter. Judicial and party resources counsel against briefing the issues in this matter while that review is ongoing. Indeed, another court recently stayed a separate challenge to the CAT through July 15, 2026 due to the SEC's review. *Davidson v. Atkins*, No. 24-cv-197 (W.D. Tex. Feb. 4, 2026), Dkt. 136.

Petitioner Citadel Securities and Respondent SEC therefore jointly ask this Court to continue to hold this case in abeyance. Intervenors do not oppose this motion. The parties propose to submit a status report to the Court on or before September 5, 2026, or as the Court may direct.

## BACKGROUND

**1.** In 2012, the SEC finalized a rule directing certain financial-industry self-regulatory organizations (SROs)—namely, the securities exchanges plus the Financial Industry Regulatory Authority—to develop an NMS plan to create, implement, and maintain the CAT. 77 Fed. Reg. 45722 (2012). In 2015, the SROs submitted a plan governing the development and operation of the CAT, 81 Fed. Reg. 30614 (2015), which the Commission approved the following year, 81 Fed. Reg. 84696 (2016).

In 2020, the Commission imposed a "financial accountability milestone" (FAM) system through an amendment to the CAT NMS Plan. 85 Fed. Reg. 31322 (2020). Under this system, if the SROs "miss[ed] the target deadline[s]," the amount of certain CAT costs they would be "entitled to recover" from their broker-dealer members would "immediately be reduced by 25 percent." *Id.* at 31329. That amount would then be "further reduced by 25 percent for every" 60 or 90 days by which the SROs "miss the target deadline." *Id.* The FAM system imposed a four-phase implementation program with deadlines of July 31, 2020,

2

December 31, 2020, December 31, 2021, and December 30, 2022. *Id.* at 31329 & nn.78-81, 31348-49.

On May 20, 2024, the Commission granted the SROs temporary conditional exemptive relief until July 31, 2026 relating to the recording and reporting of responses to electronic requests for quotes (RFQs) that are not immediately actionable. 89 Fed. Reg. 45715, 45717 (2024). On July 17, 2024, Citadel Securities filed a timely petition for review challenging the SEC's Exemptive Order. *See* 15 U.S.C. § 78y(a)(1). Many of the SROs and Consolidated Audit Trail LLC (CAT LLC), the entity that operates the CAT, intervened in this matter. At Citadel Securities' unopposed request, this Court held this petition in abeyance pending resolution of the challenge to a separate order relating to the funding of the CAT in *ASA*. Dkt. 16. The Court released its opinion in *ASA* on July 25, 2025. Dkt. 40. Citadel Securities filed a notice of this Court's decision in *ASA* on July 31, 2025. *Id.*

On September 3, 2025, the Court ordered the parties to participate in mediation. Dkt. 41. Following a delay due to a lapse in government funding, the mediator held an assessment conference on December 19, 2025. On February 26, 2026, the Clerk's office contacted counsel for Citadel Securities to inquire about the status of this case and advised that it was no longer being held in abeyance by the Court.

**2.** Prior to this Court's decision in *ASA*, the new SEC Chairman announced that the Commission would be undertaking "a comprehensive review of the CAT." Atkins Remarks.  The SEC's most recent Regulatory Agenda likewise indicates that the Commission's Division of Trading and Markets "is considering recommending that the Commission invite public comment to inform a comprehensive rethink of the [CAT], including its design and functionality and the scope of collected information, to assess potential modifications to CAT to address ongoing cost and data security concerns while supporting clearly defined regulatory objectives." SEC, *Evaluating the Continued Effectiveness of the Consolidated Audit Trail*, https://tinyurl.com/mprveeak.

The SEC already has made certain changes. In January, for example, it approved the SROs' proposed amendments to end the CAT's collection of personal customer information. 91 Fed. Reg. 2164 (2026). The SEC also is currently evaluating the SROs' most recent proposal for allocating CAT costs between the SROs and broker-dealers. 90 Fed. Reg. 54438 (2025). And it is further considering "important questions" raised by Citadel Securities as to "whether additional limits on the accumulation and use of a CAT reserve fund may be appropriate going forward." *Citadel Securities LLC v. CAT LLC*, No. 1:26-cv-134 (D.D.C. Feb. 18, 2026), Dkt. 23-1.

## ARGUMENT

This Court should continue to hold this petition in abeyance pending the SEC's comprehensive review of the CAT, which may substantially affect, if not entirely moot, this petition. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In exercising that power, courts often hold cases involving review of agency actions in abeyance when ongoing agency actions may "necessitate substantively different legal analysis and would likely moot the analysis [the court] could undertake if deciding the case now." *American Petroleum Inst. v. EPA*, 683 F.3d 382, 388-89 (D.C. Cir. 2012) (holding petition for review in abeyance pending rulemaking that would "significantly amend" the order under review); *see, e.g.*, *Lewis v. DOL*, 368 F. App'x 20, 28 (11th Cir. 2010) (noting this Court held petition for review in abeyance pending agency disposition of motion for reconsideration); *Georgia v. U.S. Dep't of Energy*, No. 25-10161 (11th Cir. 2025), Dkt. 44 (holding petition for review in abeyance pending agency reevaluation of challenged order); *Warren v. DOL*, No. 24-13505 (11th Cir. 2025), Dkt. 32 (same); *Coin Center v. U.S. Dep't of Treasury*, No. 23-13698 (11th Cir. 2025), Dkt. 55 (same); *Colonial Pipeline Co. v. FERC*, No. 23-13831 (11th Cir. 2024), Dkt. 38 (same).

5

That practice makes sense. When pending agency action could moot a case before this Court, "[i]t is more consistent with the conservation of judicial resources" to "hold the case in abeyance" until "the agency has finalized" its approach. *Am. Petroleum Inst.*, 683 F.3d at 389. Indeed, given that "[i]t is a cardinal virtue of Article III courts to avoid unnecessary decisions" wherever possible, they "regularly" hold cases, including petitions for review, "in abeyance" whenever doing so may "obviate the need to decide." *Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71 (D.C. Cir. 2022). That is why a Texas district court, at the SEC's request, recently stayed a separate challenge to the CAT that may be mooted by the comprehensive review of the CAT. *Supra* at 1. And that is why this Court previously held the petition for review in abeyance pending its decision in *ASA*. Dkt. 16. In that case, Citadel Securities and the American Securities Association argued, among other things, that the CAT exceeded the SEC's statutory authority. Had the Court reached that issue, it would have had no need to address whether the Exemptive Order challenged here is independently flawed.

While the Court decided *ASA* on other grounds, 147 F.4th at 1269, the SEC's ongoing comprehensive review counsels for the same course of action here. The Commission's comprehensive review could equally result in material changes to the CAT that may eliminate any need to adjudicate this case including, among other things, changes in the costs of and burdens imposed by CAT

that are relevant to the FAM exemption that is the subject of this petition. Thus, if this Court does "not decide the merits" of this case "now," it "may never need to." *Wheaton Coll. v. Sebelius*, 703 F.3d 551, 552 (D.C. Cir. 2012) (cleaned up).

The parties recognize that the Court has already held this matter in abeyance for an extended period pending the resolution of *ASA* and because of the lapse in the government's funding last year. However, they respectfully submit that the conservation of judicial and party resources favor continuing to hold the case in abeyance until the completion of the SEC's review process. The parties propose to submit a status report on this matter no later than September 5, 2026, or at such intervals as the Court may direct.

## CONCLUSION

The Court should continue to hold this petition for review in abeyance pending the SEC's comprehensive review of the CAT.

Dated: March 5, 2026

/s/ Daniel Matro
Daniel Matro
U.S. SECURITIES & EXCHANGE COMMISSION
100 F Street NE
Washington, DC 20549
(202) 551-8248
matrod@sec.gov

*Counsel for Respondent*

Respectfully submitted,

/s/ Noel J. Francisco
Noel J. Francisco
Brian C. Rabbitt
Brinton Lucas
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
(202) 879-3939
njfrancisco@jonesday.com

David Phillips
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121
(858) 314-1200

*Counsel for Petitioner*

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record certify that this motion complies with (1) the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,527 words, excluding any parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type-style requirements of Rule 27(d)(1)(E) because it has been prepared in 14-point Calisto MT (a proportionally spaced typeface) using Microsoft Word.

Dated: March 5, 2026                    Respectfully submitted,

*/s/ Daniel Matro*                        */s/ Noel J. Francisco*

*Counsel for Respondent*                *Counsel for Petitioner*

Certificate 1

## CERTIFICATE OF ELECTRONIC SUBMISSION

The undersigned counsel of record certify that: (1) any required privacy redactions have been made; (2) the electronic submission of this document is an exact copy of any corresponding paper document; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free from viruses.

Dated: March 5, 2026.                    Respectfully submitted,

*/s/ Daniel Matro*                          */s/ Noel J. Francisco*

*Counsel for Respondent*                    *Counsel for Petitioner*

Certificate 2

## CERTIFICATE OF SERVICE

The undersigned counsel of record certify that on March 5, 2026, the foregoing Motion was electronically filed with the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system. Counsel certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: March 5, 2026                    Respectfully submitted,

*/s/ Daniel Matro*                          */s/ Noel J. Francisco*

*Counsel for Respondent*                  *Counsel for Petitioner*

Certificate 3